NATIONAL MEDICAL FINANCIAL
SERVICES, INC. d/b/a L T C
Clinical Labs, Appellant,

v.

IRVING INDEPENDENT SCHOOL
DISTRICT, Appellee.

No. 05–03–01703–CV.

Court of Appeals of Texas,
Dallas.

Dec. 13, 2004.

George White, Irving, for appellant.

Edward Lopez, Jr., Linebarger Goggan Blair Sampson, LLP, Dallas, James W. Deatherage, Jim Deatherage & Associates, PC, Todd Wyatt Deatherage, Irving, for appellee.

Before Justices WRIGHT, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

In this tax case tried before the court, National Medical Financial Services Inc,

d/b/a L T C Clinical Labs[1] (National) appeals the trial court's judgment in favor of Irving Independent School District (IISD). The court ordered judgment against National for the tax years 2000, 2001, and 2002.[2] In four issues, National appeals the judgment addressing the tax year 2000, contending: (1) IISD did not meet its burden of proof to show National was liable for the 2000 taxes; (2) the evidence is legally and factually insufficient to support IISD's judgment for taxes for the year 2000;[3] (3) the court erred in not admitting National's evidence; and (4) the court erred in failing to schedule and grant a motion for new trial. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

IISD filed this suit against National to collect delinquent taxes for the years 2000, 2001, and 2002. Both the City of Dallas and Dallas County intervened, alleging delinquent taxes were owed to them for the years 2001 and 2002. During the trial, IISD admitted a copy of the delinquent tax roll. Dallas County offered and admitted an exhibit showing delinquent taxes for the years 2001 and 2002. After the exhibits were admitted, IISD and the intervenors, Dallas County and the City of Dallas, rested.

William G. McLucas, president of National, testified that National purchased

1. LTC Clinical Labs is referred to as LTC Clinical Laboratories and LTC Medical Laboratories in the record. National does not argue the names represent two distinct entities or that the two names created any confusion in the trial court. Accordingly, we refer to the company only as LTC Clinical Laboratories for purposes of this opinion.

2. The City of Dallas and Dallas County intervened, alleging delinquent taxes were owed also to them for the years 2001 and 2002. Because National complains only of the judg-

ment regarding the tax year 2000, neither the City of Dallas nor Dallas County are before us on appeal.

3. National actually lists its second issue by stating, "The evidence is legally and factually sufficient to support the Judgement granting the Plaintiff IISD a judgement for the taxes for the year 2000." We read this issue, however, as a complaint the evidence was legally and factually *in* sufficient to support a judgment in favor of IISD.

the property in question from the bankruptcy court, clear of all liens, and that National did not own the property on January 1, 2000. After stating the property was free of all liens, though, the court noted that in its consideration of the testimony, the answer called for a legal conclusion.

National offered the bankruptcy order and an affidavit as evidence, and IISD objected, complaining the order was not offered as a certified copy and was incomplete. The order referenced a purchase agreement that was not attached, and the order itself did not describe the property. IISD also objected to the affidavit as insufficient in that it did not describe the property to which it referred. The court sustained the objections.

National then attempted to introduce the documents as business records through McLucas's testimony. The court noted that McLucas was the president of National but the documents showed a bill of sale regarding LTC Clinical Laboratories, Inc. and Integrated Health Services, Inc. (IHS). The court sustained IISD's objections to the documents. The court admitted the bankruptcy court order as a business record. However, the court stated, "I'm not going to consider it for very much since the purchase agreement that it keeps talking about in here doesn't appear anywhere in here." The court sustained IISD's objection to an affidavit purporting to show IISD was notified of the bankruptcy because the affidavit was unsigned, but the court admitted an affidavit and records showing the court claims register for IHS. National said the records showed (1) which taxing authorities had responded with claims with regard to IHS and (2) IISD had never filed a proof of claim. The court noted, however, that those records did not show that IISD had received notice of the bankruptcy order.

Without admitting any other evidence, National rested its case. The court granted judgment against National.

## MOTION FOR NEW TRIAL

■ In its fourth issue, National argues the court erred by failing to schedule and grant its motion for new trial. A party seeking a new trial on the ground of newly discovered evidence must show the trial court that: (1) the evidence has come to his knowledge since the trial; (2) it was not owing to the want of due diligence that it did not come sooner; (3) it is not cumulative; and (4) it is so material that it would probably produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled on other grounds by Moritz v. Preiss*, 121 S.W.3d 715 (Tex.2003); *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 240 (Tex.App.-Dallas 2000, pet. denied). Whether a motion for new trial on the ground of newly discovered evidence will be granted or refused is generally a matter addressed to the sound discretion of the trial court, and the trial court's action will not be disturbed on appeal absent an abuse of such discretion. *Jackson*, 660 S.W.2d at 809.

■ In its motion for new trial, National states merely that there was a purchase agreement referenced at trial that was "not available at the time of trial." The affidavit accompanying National's motion asserts the attorney "was not able to secure the documents attached ... despite diligence to do so." Neither the affidavit nor the motion, however, state that the knowledge of this evidence did not exist prior to the trial. And neither the affidavit nor the motion state what diligence National employed in securing the documents prior to the trial. Thus, we cannot conclude the court abused its discretion in

granting National's motion for new trial. *See Jackson,* 660 S.W.2d at 809.

■ Further, National did not request a hearing on its motion for new trial, and its motion was overruled by operation of law. We cannot conclude the court erred in failing to set a hearing on National's motion when National never requested the court to do so. *See Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank,* 703 S.W.2d 356, 357–58 (Tex.App.-Dallas 1985, no writ); *see also Fluty v. Simmons Co.,* 835 S.W.2d 664, 667–68 (Tex.App.-Dallas 1992, no writ). Although at the end of National's motion for new trial, after the certificate of service, National included a section labeled "Notice of Hearing," [4] we do not read that as a request to the court for a hearing. As we stated in *Shamrock:*

> We are unwilling to hold that an abuse of discretion occurs when the defaulting defendant fails to call his motion to the judge's attention and allows it to be overruled by operation of law. Trial judges have a heavy load of trials and contested motions. They cannot be expected to examine *sua sponte* all papers filed in their courts. They must rely on counsel to see that motions are set for hearing.

703 S.W.2d at 357–58. We resolve the fourth issue against National.

### ADMISSIBILITY OF EVIDENCE

■ In its third issue, National complains of the court's refusal to admit its "Order of the Bankruptcy Court" as evidence during trial. National relies solely on Texas Civil Procedure Rule 59 to assert a party may admit a business record by affidavit attached to the pleadings and con-

tends the rule therefore allows such "to be introduced into evidence unless the other party files an objection within 14 days." Rule 59, however, addresses exhibits to be used in pleadings. *See* TEX.R. CIV. P. 59. For exhibits to be considered at trial, they must be properly admitted as evidence, even if already attached to pleadings under rule 59. *See Wilson v. Williamson,* 586 S.W.2d 148, 150 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ). National's argument, therefore, fails. National has not briefed any other argument, having presented no argument or authority otherwise to show the court abused its discretion in not admitting the evidence. Accordingly, we resolve National's third issue against it.

### SUFFICIENCY OF THE EVIDENCE

In its first and second issues, National (1) argues IISD did not meet its burden of showing National was liable for the taxes for the year 2000 and (2) complains the evidence was legally and factually insufficient. National does not make separate arguments for these two issues; therefore, we will address them together.

### *Standard of Review*

■ In this case, findings of fact or conclusions of law were neither filed nor requested. Accordingly, the judgment of the trial court implies all necessary findings of fact to support it. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). A reporter's record was brought forward, though, and the legal and factual sufficiency of the implied findings may be challenged on appeal. *Id.* at 84. In reviewing the sufficiency of the evidence, we do not substitute our judgment

---

4. The "Notice of Hearing" section read:
 *Notice of Hearing*
 A hearing will be held on the above styled Motion for New Trial on ———, 2003, at ———.

Signed this ———.
———
Judge Presiding

for that of the fact finder, even if we would have reached a different conclusion. *FDIC v. F & A Equip. Leasing,* 854 S.W.2d 681, 684 (Tex.App.-Dallas 1993, no writ).

In conducting a review for legal sufficiency, we consider only the evidence and inferences that tend to support the finding, disregarding all evidence and inferences to the contrary. *Id.; D & M Vacuum Serv. v. Zavala County Appraisal Dist.,* 812 S.W.2d 435, 436 (Tex.App.-San Antonio 1991, no writ). If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge fails. *F & A Equip. Leasing,* 854 S.W.2d at 684. When a party attacks the factual sufficiency of an adverse finding on an issue on which it had the burden of proof, it must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001); *See D & M Vacuum Serv.,* 812 S.W.2d at 436. We consider and weigh all of the evidence and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex. 1986); *D & M Vacuum Serv.,* 812 S.W.2d at 436.

### Applicable Law

Tax code section 33.47(a) addresses evidentiary concerns in delinquent tax cases and provides as follows:

(a) In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

TEX. TAX CODE ANN. § 33.47(a) (Vernon 2001).

 Once the taxing unit introduces the records described above, it establishes a prima facie case as to every material fact necessary to establish its cause of action. *See Davis v. City of Austin,* 632 S.W.2d 331, 333 (Tex.1982). A rebuttable presumption arises that the taxes in question are due, delinquent and unpaid. *Flowers v. Lavaca County Appraisal Dist.,* 766 S.W.2d 825, 828 (Tex.App.-Corpus Christi 1989, writ denied). This presumption, based on the tax roll showing against whom the taxes were assessed for the year in question, also establishes that the defendant owned the property on January 1 of the year for which the tax was imposed. *See GE Capital Corp. v. City of Corpus Christi,* 850 S.W.2d 596, 600 (Tex.App.-Corpus Christi 1993, writ denied).

 After the taxing authority makes its prima facie case by introducing the tax records required by section 33.47(a), the burden then shifts to the taxpayer to show, by introducing competent evidence, that he has paid the full amount of taxes, penalties and interest, or that there is some other defense that applies to his case. *See Id.* When a taxing authority's prima facie case is rebutted, although the presumption disappears, the evidence originally offered into evidence is still considered in a legal sufficiency analysis. *See D & M Vacuum Serv.,* 812 S.W.2d at 437. It will not be accorded greater weight simply because it previously created the statutory presumption, and the fact finder resolves matters of weight and credibility among the competing items of evidence. *Id.* at 438.

### Discussion

█ National admits in its brief that the evidence offered by IISD was sufficient to make a prima facie case that National owed the taxes for the year 2000. It argues that its evidence of McLucas's testimony that National did not own the property on January 1 was sufficient to rebut IISD's presumption. The court, though, considered McLucas's statement that the property was purchased free of all liens to be a legal conclusion. Although the bankruptcy order was admitted as evidence, the court noted it would "not ... consider it for very much" because the purchase agreement referenced in the order was neither attached nor admitted. Although evidence of the court claims register admitted by National showed IISD had not filed a proof of claim regarding the bankruptcy, there was no evidence admitted that showed IISD was notified of the bankruptcy.

Assuming it was sufficient to rebut the presumption, the tax roll continued to be of probative value. Given the power of the court, as fact finder, to believe or disbelieve the evidence and to resolve questions of credibility, we conclude that the evidence is both legally and factually sufficient to support the judgment. *See D & M Vacuum Serv.*, 812 S.W.2d at 438–39. We resolve National's first and second issues against it.

We affirm the judgment of the trial court.