Opinion filed November 30, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00267-CV 

                                                    __________

 

                                 WILLIAM REINMILLER, Appellant

                                                             V.

                              COUNTY
OF DALLAS ET AL, Appellees

 



 

                                         On
Appeal from the 116th District Court

                                                          Dallas County, Texas

                                             Trial
Court Cause No. 99-32337-T-F

 



 

                                                                   O
P I N I O N

 








The County
 of Dallas, on its own
behalf and on behalf of other political subdivisions whose taxes are collected
by the Dallas County Tax Collector, filed suit against William Reinmiller for
delinquent property taxes on two pieces of property.[1]  After a hearing, the trial court found in
favor of the taxing entities and ordered Reinmiller to pay the delinquent taxes
for each piece of property along with penalties and interest.  We modify the judgment and affirm the
judgment as modified. 

In his first issue on appeal, Reinmiller argues
that the evidence is legally and factually insufficient to support the
judgment.   When the trial court acts as
a fact-finder, its findings are reviewed under legal and factual sufficiency
standards.  In re Doe, 19 S.W.3d
249, 253 (Tex.
2000).  The trier of fact is the sole
judge of the witnesses=
credibility and the weight to be given their testimony. City of Keller v. Wilson, 168
S.W.3d 802, 819-21 (Tex. 2005); Nat=l Freight Inc, v. Snyder, 191
S.W.3d 416, 425 (Tex.
App.CEastland
2006, no pet.).  In analyzing a
legal sufficiency issue, we must consider the evidence in the light most
favorable to the verdict and indulge every reasonable inference that supports
it.   City of Keller v. Wilson, 168 S.W.3d
at 821‑22.  The evidence
is legally sufficient if it would enable reasonable and fair‑minded
people to reach the verdict under review. 
Id.
at 827‑28.   We may sustain a no‑evidence
challenge only when (1) the record discloses a complete absence of a vital
fact, (2) the court is barred by rules of law or of evidence from giving weight
to the only evidence offered to prove a vital fact, (3) the only evidence
offered to prove a vital fact is no more than a mere scintilla, or (4) the
evidence conclusively establishes the opposite of a vital fact.  Id.
at 810.   In determining the factual
sufficiency of the evidence, we consider and weigh all of the evidence and set
aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); In re King=s
Estate, 244 S.W.2d 660, 661 (Tex.
1951).

Reinmiller specifically argues that the tax
collector=s
exhibits were legally and factually insufficient to support the trial court=s judgment.  Reinmiller contends that the exhibits Ado not constitute prima facie
evidence of delinquent tax, penalties, and interest@
and that the exhibits are Avague,
uncertain, and indefinite.@  

Tex. Tax
Code Ann. ' 33.47(a)
(Vernon 2001) provides:

In a suit to collect a delinquent tax, the taxing
unit=s current
tax roll and delinquent tax roll or certified copies of the entries showing the
property and the amount of the tax and penalties imposed and interest accrued
constitute prima facie evidence that each person charged with a duty relating
to the imposition of the tax has complied with all requirements of law and that
the amount of tax alleged to be delinquent against the property and the amount
of penalties and interest due on that tax as listed are the correct amounts.

 








The tax collector=s
exhibits were certified copies showing the amount of tax and penalties imposed
and the interest accrued for each of the properties.  The exhibits were prima facie evidence of the
delinquent taxes, penalties, and interest due on each of the properties.   See Davis
v. City of Austin, 632 S.W.2d 331, 333 (Tex. 1982); Phifer v. Nacogdoches County
 Cent. Appraisal Dist.,
45 S.W.3d 159, 174 (Tex. App.CTyler
2000, pet. denied).  After the taxing
authority makes its prima facie case by introducing the tax records required by
Section 33.47(a), the burden then shifts to the taxpayer to show, by
introducing competent evidence, that he has paid the full amount of taxes,
penalties, and interest or that there is some other defense that applies to his
case.  Nat=l Med. Fin. Servs., Inc. v. Irving
Indep. School Dist., 150 S.W.3d 901, 906 (Tex. App.CDallas
2004, no pet.).

 Reinmiller
testified concerning his payments on the delinquent accounts.  Reinmiller stated that he paid the most
delinquent taxes first.  Reinmiller said
that he directed the tax collector to apply his payment to the Abase tax@
first; and then, after he paid the Abase
tax,@ he would
pay the penalty and interest.  Reinmiller
argues that his testimony rebuts the presumption in favor of the tax collector
and causes the presumption to disappear.

When a taxing authority=s
prima facie case is rebutted, although the presumption disappears, the evidence
originally offered into evidence is still considered in a legal sufficiency
analysis. Nat=l
Med. Fin. Servs., Inc. v. Irving Indep. School Dist., 150 S.W.3d at 906; D
& M Vacuum Serv., Inc. v. Zavala County Appraisal Dist., 812 S.W.2d
435, 438 (Tex. App.C San
Antonio 1991, no writ).  Along with the
exhibits showing the amount of tax, penalties, and interest Reinmiller owed,
the tax collector also introduced an exhibit containing a collections report
indicating how Reinmiller=s
previous payments were applied to his account. 
Emmett Frier, the collections manager for the Dallas County Tax Office,
explained the policies and procedures for applying payments to delinquent
accounts.  Frier stated that penalties
and interest begin to accrue when an account becomes delinquent and that the
percentage of penalty and interest increases as the account remains delinquent.  When the taxpayer makes a payment, the
penalty and interest is subtracted from the total payment, and the base tax is
reduced accordingly.  The penalty and
interest would then continue to accrue on the unpaid balance.  Frier stated that a taxpayer cannot direct
that a payment only be applied to the base tax. 
The evidence is both legally and factually sufficient to support the
trial court=s
judgment.  Reinmiller=s first issue on appeal is overruled.








In his second issue on appeal, Reinmiller argues
that the trial court erred Aby
disregarding two legal doctrines.@  Reinmiller=s
argument concerns his effort to direct the tax collector to apply his payments
to the Abase tax@ 
before any payment was applied to penalties and interest.  Reinmiller contends that the debtor has the
right to direct the application of his payments and that the doctrine of accord
and satisfaction applies because the tax collector accepted his payments with
the designation for application.

Reinmiller cites City of Houston v. First City,
827 S.W.2d 462 (Tex. App.CHouston
[1st Dist.] 1992, writ denied), as authority. 
In City of Houston
v. First City, the court held that there was
an accord and satisfaction when the taxing authority cashed the checks of the
taxpayer with the designation for application of payment.  City of Houston v. First City,
827 S.W.2d at 472-73.  After the holding
in City of Houston
v. First City, the legislature enacted Tex. Tax Code '
31.073 (1993), which at the time of trial, stated:

A restriction or condition placed on a check in
payment of taxes by the maker that limits the amount of taxes owed to an amount
less than that stated in the tax bill  is
void unless the restriction or condition is authorized by this code.[2]

 

Reinmiller testified that he wanted to pay the Abase tax@
first to Astabilize
the interest@ and to
prevent the interest from increasing. 
Section 31.073 does not allow a taxpayer to limit his tax liability by
directing the application of payments. 
Reinmiller=s second
issue on appeal is overruled.

In his third issue on appeal, Reinmiller argues
that the trial court erred in rendering judgment against him for abstractor=s fees in the amount of $325.  The tax collector agrees that the trial court
erroneously entered the $325 judgment for abstractor=s
fees.  Reinmiller=s
third issue on appeal is sustained.  We
modify the judgment to delete the award of $325 in abstractor=s fees. 
Tex. R. App. P. 43.2(b).

The judgment, as modified, is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 30, 2006

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.











[1]David Barnett was also named as a defendant in the
suit.  Barnett is not a party to this
appeal. 





[2]Section 31.073 was amended effective September 1, 2005.