In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-080 CV


 ______________________



ERETTA MORRIS, Appellant



V.



HARDIN-JEFFERSON INDEPENDENT SCHOOL DISTRICT 


AND JEFFERSON COUNTY, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-168,520






MEMORANDUM OPINION


 Eretta Morris appeals from a tax judgment. Morris presents four issues for appellate
review. Finding no reversible error, we affirm the trial court's judgment. 

 Morris and her brother Norris Hardy, Jr. each received a one-half undivided interest
in the real property in 1981. Norris's name is listed on the tax roll. On November 7, 2002,
Hardin-Jefferson Independent School District filed suit against Norris for delinquent ad
valorem taxes for tax years 1983 through 1988, 1990 through 1993, 1996, 1998, 2000, and
2001, along with interest, penalties, and attorney fees. (1) In 2003, Norris conveyed his interest
in the property to his brother Robert W. Hardy, Sr., and Robert's wife, Antoinette M. Hardy. 
Amending its petition on March 16, 2006, the school district dismissed Norris Hardy from
the lawsuit and added Morris, Robert, and Antoinette as defendants. The school district
sought additional taxes for tax years 2001 through 2005.

 The trial court heard the tax delinquency suit on September 7, 2006. The judge
admitted into evidence the school district's tax statement concerning the delinquent taxes,
penalties, interests, and attorney fees, and an "Affidavit for Attorney's Fees."

 Robert testified that he and his wife owned a one-half undivided interest in the
property, and that Morris owned the other one-half undivided interest. He testified that he
was familiar with the taxes due; the tax records entered into evidence accurately reflected
amounts owed; and he did not object to the judgment. 

 Appearing pro se, Morris testified that she originally owned the property with Norris,
and Norris subsequently gave his interest in the property to Robert. She did not dispute that
she and her brothers owed the taxes. She asked the court to grant her a ninety-day
continuance to confer with her brother so they could pay the taxes. 

 The trial court stated that Morris would be given time to work with her brothers to pay
the taxes. The court also explained the taxes had to be paid because they were "due and
owing[.]" In response to Morris's questions regarding the accumulation of current taxes and
penalties, the trial court stated that she should raise this issue with the attorney she was going
to confer with, and noted that the attorney could advise her of possible defenses. The court
again stated, however, that "I think the taxes are due and owing." 

 Morris and the judge engaged in the following exchange:


 [Morris]: May I ask a question, your Honor?

 [The Court]: Yes.

 [Morris]: Taxes are being incurred every day; is that correct? If this lawyer is
in charge of the School District, may I be apprised of the current taxes that are
owed? I have received nothing from the School District. This is against my
Constitutional rights. I have received nothing. If I'm going to be penalized on
property and I have no knowledge of what is due - -

 [The Court]: Okay. Excuse me. Ma'am, you're gonna meet with [an attorney]
tomorrow?

 [Morris]: Yes, I am.

 [The Court]: Tell him all this. If you could - -

 [Morris]: I need 90 days, please, because of distance. That's 90 days, three
months, your Honor, because of distance, getting back and forth with my
brother. It is a hardship for me to even be here.

 [The Court]: 90 days.

 [Morris]: Thank you, sir.

 [The Court]: All right. You get with [the attorney].

 [Morris]: I will.

 [The Court]: You can explain all this to him. But he can tell you if you've got
any legal standing to contest these taxes.

 [Morris]: Do you disagree that I - - 

 [The Court]: I don't have an opinion one way or another right now. I think the
taxes are due and owing.

 [Morris]: Yeah, they are.

 [The Court]: If you've got some defenses, maybe [the attorney] can tell you
about that.

 [Morris]: I have no defense other than I have not been communicated what the
taxes are. I should not have to go to the Internet to find out what I owe if I'm
a property owner.


The court continued the case for ninety days to allow the defendants to come to an agreement 


about the taxes. 


 On November 2, 2006, Morris's counsel, apparently without requesting leave, filed
"Defendant Eretta Morris' First Amended Original Answer, Counterclaims, Cross-Claims
and Request for Equitable Relief." The pleading asserted, among other things, that the
statute of limitations barred the district's lawsuit. Morris's pleading asserted counterclaims
against the school district for tortious interference with a contract and civil conspiracy. 
Morris also asserted counterclaims and cross-claims against Norris, Robert, and Antoinette. 

 On December 7, 2006, the trial court held another hearing, which the trial judge
described as a continuation of the September hearing. The trial court considered the district's
motion to sever at the hearing. No evidence was admitted at this hearing. The court asked 
if the tax issue had been settled. The attorney representing the school district explained that
the tax issue had not been settled, and he requested that the court enter a judgment on the tax
case and sever the tax case from Morris's counterclaims and cross-claims. Morris's counsel
presented arguments regarding the school district's severance motion and Morris's statute-of-limitations defenses asserted in her amended pleading. The trial court granted the motion to
sever and subsequently signed a judgment on the tax delinquency suit in favor of the school
district. When Morris asked the court for a ruling on the statute-of-limitations defense, the
court explained that Morris could assert the limitations defense in a motion for new trial and
asked the parties to present the court with a brief concerning that issue. 

 In issue one, Morris argues that the trial in this case was held on December 7, 2006,
and the trial court should have considered all affirmative defenses and pleadings. Morris
argues that at the September hearing, "the court expressly stated that it did not 'have an
opinion one way or another'"and the court continued the case to allow Morris to hire a
lawyer and assert defenses. She argues the trial court should have considered the statute-of
-limitations defense at the December hearing because she filed her amended pleading at least
seven days before the December trial.

 Issue two asserts the trial court should have held that the statute of limitations
"precluded the school district's attempts to collect ad valorem taxes for tax years 1983, 1984,
and 1985." See Tex. Tax Code Ann. § 33.05(a) (Vernon 2001) (limitation on collecting real
property taxes). Morris argues that because the lawsuit was filed in 2002, but she was not
served until 2006, the twenty-year statute of limitations did not begin to run "until April 16,
2006, the date she was served[,]" and the school district was precluded from obtaining
judgment for tax years 1983, 1984, and 1985.

 The trial on the merits of the school district's tax delinquency claim against Morris
occurred on September 7. The trial court considered the school district's tax records and
undisputed testimony that the taxes were owed and had not been paid. The school district
provided "prima facie evidence that each person charged with a duty relating to the
imposition of the tax has complied with all requirements of law and that the amount of tax
alleged to be delinquent against the property and the amount of penalties and interest due on
that tax as listed are the correct amounts." Tex. Tax Code Ann. § 33.47(a) (Vernon 2001);
see also Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist., 150 S.W.3d 901, 906 (Tex.
App. --Dallas 2004, no pet.) (prima facie case in tax delinquency suit). The burden shifted
to Morris to assert any defenses. See Nat'l Med. Fin. Servs., Inc., 150 S.W.3d at 906. When
the trial court indicated that Morris's attorney could inform her of any defenses, Morris
stated, "I have no defense other than I have not been communicated what the taxes are." 
Although the court told Morris to consult with an attorney, the record shows the court did so
in response to a question addressed by Morris to the judge. 

 The statute of limitations is an affirmative defense that must be affirmatively pled and
proven at the trial of the case, or it is waived. See Tex. R. Civ. P. 94; see generally Frazier
v. Havens, 102 S.W.3d 406, 411 (Tex. App.--Houston [14th Dist.] 2003, no pet.). Requiring
a party to plead affirmative defenses gives the opposing party notice of the defensive issues
to be tried in the case. Hunter v. Carter, 476 S.W.2d 41, 45 (Tex. Civ. App.--Houston [14th
Dist.] 1972, writ ref'd n.r.e.). Morris did not put the school district, or the trial court, on
notice before or at the September trial that she wished to assert a statute of limitations
defense. Morris did not assert the statute of limitations defense until approximately one
month after the school district proved its case at trial. The record does not include a motion
for leave to file her first amended answer. The trial court heard arguments on the limitations
issue. No evidence was offered at the December hearing. After the arguments, the trial court
ruled as follows:

 [The Court]: Okay. I'm gonna sign the tax judgment; and I'm gonna
sever out the rest of it.

 [Defense Counsel]: Your Honor, what about the limitations defense?

 [The Court]: If you think that's a good defense, you can file a motion
for new trial, brief that for me, give me a brief on that. 
If y'all disagree, I think, as to what the law is on that, get
me a brief. And if you're right, I'll reform the judgment.

 

 Morris filed a motion for new trial asserting the statute-of-limitations defense. The
motion was overruled by operation of law. See Tex. R. Civ. P. 329b(c). A motion for new
trial may be granted for good cause, on motion, or on the trial court's own motion. Tex. R.
Civ. P. 320. A trial court "cannot abuse its discretion in overruling a motion for new trial
raising an untimely affirmative defense." See Hamm v. Millennium Income Fund, L.L.C.,
178 S.W.3d 256, 268 (Tex. App.--Houston [1st Dist.] 2005, pet. denied), cert. denied, 127
S.Ct. 297, 166 L.Ed.2d 154 (2006). We find no abuse of discretion on this record. Issues
one and two are overruled. 

 In issue three, Morris argues that her tortious-interference counterclaim against the
school district and her cross-claims against family members should not have been severed
from the tax delinquency suit, because the claims involve the same facts and issues. (2) She
contends that "[i]f a factfinder decides that plaintiff interfered with a contract, the subject of
which contract was the payment of the property taxes at issue, the factfinder could determine
that plaintiff is responsible for the non-payment of a portion or all of those taxes."

 The counterclaims and cross-claims were asserted late. The trial court did not err in
refusing to re-try the original tax delinquency suit to include Morris's counterclaims and
cross-claims. A trial court has discretion to sever a claim and proceed with it separately. 
Tex. R. Civ. P. 41; Guar. Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658
(Tex. 1990). A claim is properly severable if: (1) more than one cause of action is involved
in the controversy, (2) the claim would be the proper subject of a lawsuit if independently
asserted, and (3) the claim is not so interwoven with the remaining action that it involves the
same facts and issues. Guar. Fed. Sav. Bank, 793 S.W.2d at 658. The tax delinquency suit
and Morris's counterclaims for tortious interference and civil conspiracy do not necessarily
involve the same facts and issues. See, e.g., Tri v. J.T.T., 162 S.W.3d 552, 556 (Tex. 2005)
(elements of civil conspiracy); Holloway v. Skinner, 898 S.W.2d 793, 795-96 (Tex. 1995)
(elements of tortious interference with a contract); Nat'l Med. Fin. Servs., Inc, 150 S.W.3d
at 906 (prima facie case in tax delinquency suit). Similarly, Morris's cross-claims asserted
against Robert, Antoinette, and Norris for breach of an oral contract, indemnification,
injunction, and for an accounting and a pro-rata share of all profits received from business
activities on the property, were properly severed from the tax delinquency suit. The cross-claims sought compensation from those parties for allowing the taxes to become delinquent. 
Issue three is overruled.

 In issue four, Morris argues the trial court erred in not granting her motion for
continuance. Morris filed the motion on December 7, 2006. The motion requested additional
time to conduct discovery on her theory that counsel for the school district had a conflict of
interest and on her cross-claims against Norris and the co-defendants. The motion was not
verified or supported by affidavit. Generally, when a movant fails to comply with the
affidavit requirement of Rule 251, it is presumed the trial court did not abuse its discretion
in denying the motion. See Tex. R. Civ. P. 251; Villegas v. Carter, 711 S.W.2d 624, 626
(Tex. 1986). Furthermore, because the trial court severed the cross-claims from the tax
delinquency suit, Morris presumably will have the opportunity to conduct discovery before
the trial on her cross-claims. Her theory on the conflict of interest appears to be related to
a complaint she made at the September hearing about the school district's counsel previously
serving as counsel for her family members and transferring the deed on the property from her
mother to her and her brother. She did not demonstrate how this complaint related to the
non-payment of the taxes due on the property, or affected the presentation of the claim or
defense. The trial court did not abuse its discretion in failing to grant a continuance. Issue
four is overruled. 

 The judgment is affirmed.

 AFFIRMED. 

 ____________________________

 DAVID GAULTNEY

 Justice

 

Submitted on November 14, 2007

Opinion Delivered April 17, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Jefferson County also sought to recover delinquent ad valorem taxes on the property
and filed a "Plea in Intervention" on December 23, 2002. The county was awarded an in rem
judgment for tax years 1980 through 1988, 1994, 1996-2005. Morris presented no argument
at trial or in her appellate brief challenging the taxes awarded to Jefferson County.
2. Morris contends that she asserted a "waiver" affirmative defense in connection with
the counterclaims. She asserted waiver as part of her late-filed amended answer to the tax
delinquency suit.