**Opinion issued February 13, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00746-CV

————————————

## JENNIFER ANN LARKINS-RUBY, Appellant

## V.

## SEALY INDEPENDENT SCHOOL DISTRICT, AUSTIN COUNTY, AND AUSTIN COUNTY EMERGENCY SERVICES DISTRICT #1, Appellees

---

### On Appeal from the 155th District Court
### Austin County, Texas
### Trial Court Case No. 2015V-0134

---

## MEMORANDUM OPINION

In this ad valorem tax suit, Jennifer Ann Larkins-Ruby, proceeding pro se, appeals the trial court's judgment in favor of Sealy Independent School District, Austin County, and Austin County Emergency Services District #1 (the "taxing

units"). Larkins-Ruby contends that (1) the district court lacked jurisdiction over the case; (2) the taxing units lacked jurisdiction to levy taxes; and (3) the taxing units failed to establish a prima facie case. We affirm.

## Background

On November 11, 2015, the taxing units filed suit against Larkins-Ruby to recover delinquent ad valorem taxes on real property located in Austin County[1] for the 2014 tax year.[2] On August 9, 2018, the taxing units amended their petition to include tax years 2015 through 2017.

A bench trial was held on August 14, 2018. The taxing units introduced a certified tax statement showing that, as of August 31, 2018, Larkins-Ruby owed delinquent taxes in the amounts of $3,214.06 to Austin County, $7,830.92 to Sealy Independent School District, and $183.50 to the Austin County Emergency Services District #1. The trial court entered judgment in favor of the taxing units and ordered that they recover delinquent taxes, penalties, interest, and costs in the total amount

---

[1] The legal description of the property is as follows:

> TRACT 1: A TRACT OF LAND BEING 1.00 ACRE, MORE OR LESS, IN ALLEN CREEK FARM, SECTION 4, IN THE JOHN P. BORDEN HEADRIGHT SURVEY, ABSTRACT 125, AUSTIN COUNTY, TEXAS, BEING MORE PARTICULARLY DESCRIBED AS TWO 0.50 ACRE TRACTS DESCRIBED IN EXHIBIT "A" TO VOLUME 441, PAGE 843 OF THE OFFICIAL RECORDS OF AUSTIN COUNTY, TEXAS.

[2] The other named defendants are not party to this appeal.

of $11,228.48.  On September 10, 2018, the trial court entered findings of fact and conclusions of law.  Larkins-Ruby timely filed this appeal.

**Compliance with Rule of Appellate Procedure 38.1**

Although we liberally construe pro se briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating "pro se litigants are not exempt from the rules of procedure"); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). On appeal, a pro se appellant must properly present her case. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).  To do so, Larkins-Ruby's brief must, among other things, "state concisely all issues or points presented for review" and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i).

Larkins-Ruby's brief does not state concisely her issues for review or contain a clear and concise argument for the contentions she makes.  There is no statement of issues and it is difficult to discern the points about which she complains on appeal. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) (stating that brief fails if court must speculate or guess about what contentions are being made).  She also cites propositions of general law but provides no analysis of the cited authorities or an explanation of how they are

3

relevant to the issues presented. *See id.* (noting that "references to sweeping statements of general law are rarely appropriate" and that brief is inadequate if it does not provide existing legal authority that can be applied to facts of case); *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.) (stating failure to cite legal authority or to provide substantive analysis of issues presented results in waiver of complaint). We have no duty, or even right, to perform an independent review of the record—in this case, nearly 2,000 pages—and applicable law to determine whether there was error. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *see also Borisov v. Keels*, No. 01–15–00522–CV, 2016 WL 3022603, at *1 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied) (mem. op.). Larkins-Ruby has therefore presented nothing for our review.

However, even absent briefing waiver, Larkins-Ruby could not prevail on her challenge to the trial court's judgment in favor of the taxing units for the reasons set forth below.

### Jurisdictional Challenges

Construing Larkins-Ruby's brief liberally, as we must, we understand her to argue that (1) the trial court lacked jurisdiction to render judgment and (2) the taxing units lacked jurisdiction to levy taxes.

4

Section 33.41 of the Tax Code states that "[a]t any time after its tax on property becomes delinquent, a taxing unit may file suit to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both. The suit must be in a court of competent jurisdiction for the county in which the tax was imposed." TEX. TAX CODE § 33.41(a). A district court's jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. Here, the taxing units filed their ad valorem tax suit in the 155th District Court in Austin County, Texas.[3] The property in question is located in Austin County. Accordingly, jurisdiction to hear the case was properly vested in the 155th District Court of Austin County.

Larkins-Ruby also complains that the taxing units lacked jurisdiction to tax the subject property because Texas granted a land patent to John P. Borden, an apparent predecessor-in-title, which divested the government of jurisdiction over the property. Larkins-Ruby quotes various non-binding authorities and provides no substantive analysis of the cited cases or explanation of how they bar the state from collecting taxes on the subject property. *See e.g.*, *Brown v. N. Hills Reg'l R.R. Auth.*,

---

[3]     There is no suggestion that the 155th District Court was divested of the jurisdiction to hear this case.

732 N.W.2d 732, 739–40 (S.D. 2007) (holding United States relinquished whatever interest it retained in railroad right-of-ways through General Railroad Right-of-Way Act of 1875 when land patents were issued to property owner's predecessor-in-title without reserving right in right-of-ways); *United States v. Shale*, 433 F. Supp. 1256, 1267 (D. C. Colo. 1977) ("[A] patent which is regular in form and for whose issuance there is statutory authority is so binding on the government that a purchaser from the patentee need make no investigation as to the details of its issuance[,] the legal title has passed[,] and the patent is conclusive against the government.") (quoting RUFFORD G. PATTON, PATTON ON LAND TITLES, § 292, at 26–27 (2nd ed. 1957)).

"All real property and tangible personal property in this State, unless exempt as required or permitted by this Constitution, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law." TEX. CONST. art. VIII, § 1(b). Thus, "subject only to federal limitations and exemptions set forth in the Texas Constitution, the State of Texas, through its political subdivisions, has the power to tax any real and tangible personal private property in the state." *Dall. Cty. Appraisal Dist. v. L.D. Brinkman & Co.*, 701 S.W.2d 20, 22 (Tex. App.—Dallas 1985, writ ref'd n.r.e.); *see also Avery v. Guadalupe Cty. Appraisal Dist.*, No. 04-16-00572-CV, 2017 WL 1337640, at *6 (Tex. App.—San Antonio Apr. 12, 2017, pet. denied) (mem. op.) (rejecting property owner's arguments challenging authority and

6

lawfulness of Texas taxing units to impose and collect ad valorem taxes). The taxing units have the authority under the state constitution to levy taxes on the subject property. *See Dall. Cty. Appraisal Dist.*, 701 S.W.2d at 22.

## Prima Facie Case

Larkins-Ruby contends that the taxing units failed to establish a prima facie case establishing the elements of their cause of action.

Tax Code section 33.41 authorizes a taxing unit, "[a]t any time after its tax on property becomes delinquent," to file suit to enforce the taxpayer's personal liability for the tax. TEX. TAX CODE § 33.41(a). Section 33.47(a) provides:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

*Id*. § 33.47(a).

"Once a taxing authority in a delinquency suit introduces the tax records described in section 33.47(a) into evidence, it establishes a prima facie case as to every material fact necessary to establish its cause of action." *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (quoting *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist*., 150 S.W.3d 901, 906 (Tex. App.—Dallas 2004, no pet.)); *Aldine Indep. Sch. Dist. v. Ogg*, 122 S.W.3d

7

257, 264 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A rebuttable presumption then arises that the taxes in question are due, delinquent, and unpaid. *City of Bellaire*, 426 S.W.3d at 120; *Nat'l Med. Fin. Servs*., 150 S.W.3d at 906. After the taxing authority makes its prima facie case by introducing the required records, the burden of proof then shifts to the taxpayer to show, by introducing competent evidence, that she has paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to her case. *City of Bellaire*, 426 S.W.3d at 120.

Here, the taxing units complied with section 33.47(a) by introducing into evidence a certified tax statement showing that, as of August 31, 2018, Larkins-Ruby owed delinquent ad valorem taxes in the amount of $11,228.48 for tax years 2014-2017. This statement demonstrated the delinquent tax owed, the applicable penalties, and the accrued interest assessed for each taxing unit and each tax year. The taxing units thus established a prima facie case "as to every material fact necessary to establish [their] cause of action." *Nat'l Med. Fin. Servs., Inc*., 150 S.W.3d at 906. It was then incumbent upon Larkins-Ruby to show that she had either paid the full amount of taxes, penalties, and interest or that there was some other defense that applied to her case. *City of Bellaire*, 426 S.W.3d at 121.

Larkins-Ruby introduced four exhibits at trial. The first exhibit consists of an affidavit reflecting Larkins-Ruby's name change from "Jennifer Ann Larkins Ruby"

to "Jennifer Ann Larkins-Ruby." The affidavit is accompanied by a decree granting name change signed by the presiding judge of the Austin County Court at Law on October 5, 2017. The second exhibit is a power of attorney showing that "Larkins-Ruby, Jennifer Ann" is designated as the attorney-in-fact for Jennifer Ann Larkins-Ruby. The third and fourth exhibits are photocopies of the cover page and two pages of a book concerning the authentication, acknowledgement, and proof of written instruments. *See* RUSSELL WHITELAW HOUK, THE AUTHENTICATION, ACKNOWLEDGEMENT AND PROOF OF WRITTEN INSTRUMENTS 96–97 (Bancroft-Whitney Company, 1905). None of these exhibits establishes a defense to the taxing units' claims, and Larkins-Ruby did not present any evidence that she had paid the full amount of taxes, penalties, and interest.

We conclude that the taxing units were statutorily entitled to recover the delinquent taxes owed by Larkins-Ruby for tax years 2014 through 2017. We hold that the trial court properly rendered judgment in favor of the taxing units in their ad valorem tax suit. Accordingly, we overrule Larkins-Ruby's issues.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Lloyd, and Kelly.

9