

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

No. 08-24-00328-CV

Jeffrey Rago and Christine Rago, Appellants

v.

City of El Paso, Appellee

On Appeal from the 210th District Court
El Paso County, Texas
Trial Court No. 2016DTX0838

## MEMORANDUM OPINION

Appellants Jeffrey Rago and Christine Rago appeal from an adverse judgment rendered against them for unpaid ad valorem taxes, and related penalties, interest, and fees. On appeal, the Ragos contend that: (1) the challenged judgment is void due to its inconsistency with a prior judgment entered in a related tax protest case; and (2) the trial court erred in denying leave to

amend pleadings; and (3) the trial court erred in admitting and excluding evidence. Finding no reversible error, we affirm.

## I. BACKGROUND

In October 2016, the City filed suit against the Ragos to recover delinquent ad valorem taxes assessed against the real property located at 813 Myrtle Ave, El Paso County, for tax years 2015 through 2016 (the Real Property); and for business personal property located at the same address, for tax years 2006 through 2007, 2010 through 2013, and 2016 (the Business Property).[1] The City's live petition named Jeffrey Rago as a defendant in his individual capacity and Christine Rago as a defendant "in rem only." The City alleged it was owed an aggregate total of $19,799.38 in taxes, penalties, and interests, on the real and personal property, and the amount owed remained subject to additional taxes, penalties, interest, and attorney's fees accruing subsequent to the filing of suit. The Ragos appeared and filed an answer generally denying the City's allegations. Additionally, their answer alleged they had previously filed a suit against the El Paso Central Appraisal District and the El Paso County Appraisal Review Board, docketed under trial cause number 2015DTX0977, in which they protested the value assessed on the real property subject of the suit for the tax year 2015.

The suit proceeded to a bench trial on March 27, 2024. At the outset, the City moved to strike several exhibits offered as evidence by the Ragos, asserting the exhibits were received just 15 minutes prior to the start of trial. With the exception of one exhibit, the trial court granted the City's motion and struck the Ragos's exhibits. As for the one exception, the trial court took judicial notice and admitted a final judgment entered in trial cause number 2015DTX0977, styled *Jeffrey*

---

[1] The City sought recovery for unpaid taxes on personal property including furniture, fixtures, inventory, machinery, and equipment used in the operations of a law office located on the site. The suit also named an unrelated third party lien holder who is not a party to this appeal.

*Rago and Christine Rago v. El Paso Central Appraisal District*, filed in the 327th Judicial District Court of El Paso County, Texas, and signed on December 11, 2022 (the 2022 Judgment). For the property identified as "Property ID 253149", the 2022 Judgment recited that the court: (1) approved the parties' agreement as to the appraised value for the 2015 tax year; (2) it ordered, adjudged, and decreed the appraised value for the tax years 2016 through 2022; and (3) provided that any amounts due and owing as penalties and interest for the tax years 2016 through 2022 are to be refunded or not charged.

On the City's motion, the trial court admitted two exhibits identified as delinquent tax statements for the property identified as "Property ID. No. 253149," certified by Maria O. Pasillas, the City of El Paso's Tax Assessor-Collector. The exhibits showed delinquent taxes for the tax years 2016 to 2023, as to the real property, and for tax years 2008, 2011 to 2014, 2017 to 2020, and 2022 and 2023, as to personal property. As rebuttal evidence, the Ragos attempted to introduce a copy of a check made out to the "Tax-Assessor-Collector" in the amount of $4,000 along with an associated bank statement. The City objected on grounds of relevancy, hearsay, and authenticity. The City also argued that the check and statement were evidence supporting an affirmative defense of payment, which the Ragos had not pleaded. The trial court sustained the objections.

At the close of evidence, the trial court rendered judgment in favor of the City awarding all requested damages, penalties, interest, and fees, in the total sum of $80,648.61, for the real and personal property at issue. The Ragos filed a motion to reconsider and motion for new trial. Their motions argued the trial court's judgment modified and conflicted with the 2022 Judgment because "it allowed penalties and interest to be calculated into the prior tax amounts." They also contended that, because the City had been aware of their defense of payment, it should be barred from objecting to their assertion of a payment defense pursuant to the doctrine of laches. In response,

3

the City reiterated that the Ragos had not pleaded their affirmative defense of payment. The City also asserted that the penalties and interest in the judgment resulted from a delinquency in paying the corrected tax bills issued in 2023 in the wake of the 2022 Judgment. In support of its response, the City attached an affidavit from Tax Assessor Pasillas. Among other things, Pasillas averred that her office corrected the Ragos's tax bills for tax years 2016 through 2022 as required by the 2022 Judgment, removed all penalties and interest, and mailed updated tax bills on January 25, 2023.

The trial court set a hearing on the Ragos's motions. The morning of the hearing, the Ragos filed a motion for leave of court to file a supplemental answer adding an affirmative defense of payment. The City moved to strike their motion and supplemental answer as untimely. The trial court denied the Ragos leave to amend, and their motion to reconsider.

This appeal followed.

## II. CONFLICTING JUDGMENT

In their first issue, the Ragos contend the trial court's final judgment improperly contravened the 2022 Judgment by imposing penalties and interest on the taxes adjudicated delinquent.

### A. Standard of review

The interpretation of a judgment is a pure question of law which we review de novo. *See Robinson v. Home Owners Mgmt. Enters., Inc.*, 590 S.W.3d 518, 525 (Tex. 2019). "'Courts construe orders and judgments under the same rules of interpretation as those applied to other written instruments.'" *In re Estate of Renz*, 662 S.W.3d 531, 537 n.4 (Tex. App.—El Paso 2022, pet. denied). When interpreting a judgment, our goal is "to determine not what the trial court should have done, but what the court actually did." *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003). We begin with the "literal" text within the four corners of the judgment. *Bush v. Yarborough Oil &*

4

*Gas, LP*, 705 S.W.3d 451, 459 (Tex. App.—El Paso 2024, pet. denied) (citing *Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 626 (Tex. 2011)). If the language is clear and unambiguous, we look no further than the face of the instrument under review. *Id.* We do not read provisions of the judgment in isolation, but we must look at the judgment as a whole. *See id.*; *Berwick v. Wagner*, 336 S.W.3d 805, 809 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) ("Courts should not give conclusive effect to a judgment's use or omission of commonly employed decretal words, but should instead determine what the court adjudicated from a fair reading of all the judgment's provisions.").

### B. Applicable provisions of the Tax Code

The Texas Tax Code establishes a comprehensive regime governing the collection of delinquent ad valorem taxes, which includes penalties and interest. Tex. Tax Code § 33.41. Delinquent taxes create an automatic lien on the taxed property securing the payment of all taxes, penalties, and interest. *Id.* § 32.01. At any point after a tax becomes delinquent, the taxing authority may file suit to foreclose on the lien and enforce liability on the owner. *Id.* § 33.41(a).

Under § 33.47(a), "[o]nce a taxing authority in a delinquency suit introduces the tax records described in section 33.47(a) into evidence, it establishes a prima facie case 'as to every material fact necessary to establish its cause of action.'" *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (quoting *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist.*, 150 S.W.3d 901, 906 (Tex. App.—Dallas 2004, no pet.)). As a result, there is a rebuttable presumption that the taxes in question are "due, delinquent, and unpaid." *Id.* Once the relevant taxing authority makes out its prima facie case, the burden of proof shifts to the taxpayer to show, "that he has paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to his case." *Id.* Payment is an affirmative defense under the Texas Rules of Civil

Procedure. Tex. R. Civ. P. 94. If not pleaded in a responsive pleading, the defense is waived. *F- Star Socorro, L.P. v. City of El Paso*, 281 S.W.3d 103, 107 (Tex. App.—El Paso 2008, no pet.).

A taxpayer may file a tax protest under Chapter 42 of the Tax Code challenging the appraised value of the property. *Carrollton-Farmers*, 168 S.W.3d at 187; Tex. Tax Code § 42.41(a). If the appraised value is determined to be incorrect, the chief appraiser must change the appraisal roll and certify the change to the tax assessor-collector for the taxing unit. Tex. Tax Code § 42.41(a). The tax assessor-collector must correct the tax roll and delinquent tax roll in accordance with the final determination and send the property owner a corrected tax bill. *Id.* §§ 42.41(b), 26.15. The corrected tax roll is the applicable tax roll for purposes of determining the taxing authority's recovery in a lawsuit for delinquent taxes. *Carrollton-Farmers*, 168 S.W.3d at 187 (quoting Tex. Tax Code § 42.41(a)). The taxing authority may recover in a delinquency suit all taxes delinquent as of the date of the judgment, and the judgment does not affect its right to recover taxes that become delinquent thereafter. *Id.* § 33.52.

## C. Analysis

The Ragos argue the trial court's judgment improperly modified or collaterally attacked the 2022 Judgment.[2] The trial court took judicial notice of the 2022 Judgment containing language stating: "Any and all amounts due and owing or paid by [the Ragos] as penalties and interest for the tax years 2016 through 2022, inclusive, are to be refunded and/or not charged." The Ragos contend this language prohibited the imposition of any penalties or interest indefinitely on the years covered, and the trial court erred by awarding penalties and interest in its tax delinquency judgment. The City responds that the 2022 Judgment only removed penalties and interest accrued

---

[2] The Ragos spend a large part of their briefing arguing the 2022 Judgment is final. The judgment's finality is not a contested issue of the appeal. Rather, the issue before us is what effect, if any, it had on the claims asserted by the City's tax delinquency claims.

as of the judgment's effective date but it did not bar the City from seeking these charges on delinquencies remaining when based on the corrected tax rolls. We agree with the City.

The City points out that the outstanding taxes, penalties, and interest sought were based on certified delinquent tax statements dated February 20, 2024, or following the effective date of the 2022 Judgment. For tax years 2015 through 2022, the statements established the "remaining amount" of unpaid taxes and associated penalties and interest as of February 20, 2024. The statements were certified by the Chief Appraiser as reflecting a true and correct copy of tax records on the same date. The trial court also took judicial notice of the 2022 Judgment, which included a table listing in detail the appraised value of the Real Property for tax years 2015 through 2022. The 2022 Judgment ordered the Chief Appraiser to correct the appraisal rolls in conformity with the values listed in the judgment within 45 days of the judgment's effective date, or December 11, 2022. We read provisions of the judgment by harmonizing all of its parts, construing the instrument to give effect to all of its provisions. *See Yarborough*, 705 S.W.3d at 459. Although penalties and interest were refunded on amounts charged prior to December 11, 20022, the judgment includes no language barring the City from including penalties and interest on unpaid amounts remaining after tax rolls were corrected. *See id.*

A correction of the tax rolls does not eliminate liability for the corrected amount of unpaid taxes and associated penalties and interest but merely replaces the old rolls that are no longer in effect. *See Carrollton-Farmers*, 168 S.W.3d at 187 (holding that when a tax roll is corrected during a delinquency suit, a taxing unit is "entitled to penalties and interest only on the corrected amount"). The 2022 Judgment, thus, does not operate as a permanent bar on penalties and interest on the judgment amount. *See id.* Rather, it provides a new basis for the City to seek penalties and interest for nonpayment of taxes upon failure to pay to updated tax bills. *See id.*; *Richardson Indep.*

7

*Sch. Dist. v. GE Capital Corp.*, 58 S.W.3d 290, 294–95 (Tex. App.—Dallas 2001, no pet.) ("By changing the amount of tax owed, the corrected tax bill changes the amount of tax on which delinquency penalties are assessed; however, it does not purport to eliminate the property owner's liability for penalties from the failure to pay the original tax bill.").

For these reasons, the record does not show that the trial court's judgment modified or acted as an impermissible, collateral attack of the 2022 Judgment. We overrule the Ragos's first issue.

### III. MOTION FOR LEAVE TO AMEND PLEADINGS

In their second issue, the Ragos complain that the trial court erred by denying their motion for leave to amend pleadings. The trial court signed the final judgment on April 16, 2024. The Ragos did not seek leave to amend their pleadings until July 17, 2024.

A trial court cannot grant a motion for leave to amend pleadings after the trial court has entered a final judgment. *Murphy v. Arcos*, 615 S.W.3d 676, 697 (Tex. App.—Dallas 2020, pet. denied); *Mitchell v. LaFlamme*, 60 S.W.3d 123, 132–33 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also Jackson v. Kisiah*, No. 02-12-00371-CV, 2013 WL 3064517, at *1 (Tex. App.—Fort Worth June 20, 2013, no pet.) (mem. op. ) ("After a trial court renders judgment, it is too late to ask to amend the pleadings to add a new theory of recovery.").

The Ragos argue that, because the issue of payment was discussed numerous times between parties' respective counsel via email, the issue could not be considered a surprise. We reject the contention that the issue was tried by consent because the City objected at trial and objected again when the Ragos filed their motion for leave following the entry of the judgment. Moreover, even when an issue is tried by consent, a party is still obligated to amend its pleadings to support the issue prior to submission to the court. *Mitchell*, 60 S.W.3d at 133; Tex. R. Civ. P. 67.

Because the record shows that the Ragos did not seek to amend their pleadings until after the trial court had rendered judgment, the trial court did not abuse its discretion in denying the motion for leave to amend the pleadings. We overrule the Ragos's second issue.

## IV. THE EXCLUSION OF EVIDENCE

In their third issue, the Ragos assert the trial court erred in admitting the City's evidence while excluding their own evidence.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). We are precluded from addressing on appeal any asserted error that was not properly preserved in the trial court by timely bringing the complaint to the trial court's attention and obtaining an adverse ruling. *See* Tex. R. App. P. 33.1. A complaint on appeal that does not comport with the party's objection at trial is not preserved for review. *In re N.T.*, 335 S.W.3d 660, 670 (Tex. App.—El Paso 2011, no pet.).

First, the Ragos generally complain that the trial court "wrongfully allow[ed] [the City's] exhibits into evidence." Liberally construing their complaint, they challenge the admissibility of the City's evidence on two grounds: authentication and hearsay. The City's first item of evidence included tax statements for the Real Property showing delinquent taxes. At trial, the Ragos objected to the exhibits, asserting they were not factually true due to the 2022 Judgment. The objection at trial does not comport with the objection made on appeal. The City's second exhibit included tax statements for the Business Property showing delinquent taxes. Unlike the first exhibit, the Ragos did not lodge any objection to the second exhibit. Thus, as to both of the City's exhibits, the Ragos failed to preserve their objections for our review. Tex. R. App. P. 33.1; *In re N.T.*, 335 S.W.3d at 670.

9

As to the exclusion of the Ragos's proffered evidence, the trial court struck their exhibits because they were not timely produced before trial. Later during trial, the Ragos tried to reintroduce one of the previously struck exhibits and the trial court excluded the evidence on the bases of hearsay and relevancy as the affirmative defense of payment had not been pleaded. In their brief, the Ragos assert the trial court erred in excluding the exhibits because it issued no order setting a deadline for exchange of trial exhibits. Additionally, the Ragos complain that the City objected on the ground that the records were incomplete.

The Ragos contend the excluded evidence would have shown payments made that were not reflected on the City's statements, thus reducing the total amount adjudged delinquent. However, as already discussed, the Ragos did not plead the affirmative defense of payment. For this reason, the trial court did not abuse its discretion in excluding evidence relating to payments. *See Longhurst v. Clark*, No. 01-07-00226-CV, 2008 WL 3876175, at *6 (Tex. App.—Houston [1st Dist.] Aug. 21, 2008, no pet.) (mem. op.) (holding that because plaintiff did not plead payment, trial court did not abuse its discretion in excluding evidence of payments). Moreover, without an offer of proof, the Ragos are unable to establish what their evidence would have shown—besides a support of payment which was not pleaded—and how it would have altered the outcome of trial. *See* Tex. R. App. P. 44.1(a)(1); *Fletcher v. Minn. Mining & Mfg. Co.*, 57 S.W.3d 602, 608 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (providing that an offer of proof allows the reviewing court to assess whether excluding the evidence was erroneous and, if so, whether the error was harmful).

We overrule the Ragos's third issue.

## V. CONCLUSION

We affirm the trial court's judgment.

GINA M. PALAFOX, Justice

June 4, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.