**Opinion issued August 29, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00181-CV

————————————

**HOPE OBIKA WAOBIKEZE D/B/A HOPE'S FASHION AND BEAUTY SUPPLY, Appellant**

**V.**

**FORT BEND COUNTY, STAFFORD MUNICIPAL SCHOOL DISTRICT, FORT BEND COUNTY GENERAL FUND, HOUSTON COMMUNITY COLLEGE SYSTEM, FORT BEND COUNTY DRAINAGE DISTRICT, AND FORT BEND COUNTY WATER CONTROL IMPROVEMENT DISTRICT #02, Appellees**

On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Case No. 11-DCV-195333

## MEMORANDUM OPINION

In this ad valorem tax case, appellant, Hope Obika Waobikeze d/b/a Hope's Fashion and Beauty Supply, challenges the trial court's judgment that she owes delinquent taxes to the appellee taxing units[1] for the tax years 2005–2007. In three issues, appellant argues that (1) appellees violated her due process rights by failing to provide her with notice of their intention to conduct an evaluation of her business or an opportunity to provide appellees with an accurate inventory list; (2) appellees grossly overvalued appellant's business and thus overestimated the taxes owed; and (3) the trial court erred in finding her liable for the taxes assessed and granting judgment in favor of appellees. We affirm.

### Background

On December 28, 2011, appellees filed suit against appellant to collect delinquent ad valorem taxes on her personal property, inventory, furniture, fixtures, and equipment located at 12240 Murphy Road in Stafford, Texas, for tax years 2005–2007. Appellant filed her answer on January 23, 2012.

On February 12, 2013, a bench trial was held at which appellees introduced a certified copy of the delinquent tax statement issued by the Fort Bend County

---

[1] The taxing units are Fort Bend County, Stafford Municipal School District, Fort Bend County General Fund, Houston Community College System, Fort Bend County Drainage District, and Fort Bend County Water Control Improvement District #02. The Fort Bend County Tax Assessor/Collector collects taxes for the taxing units in this case.

Tax Assessor/Collector's Office for appellant's property.[2]  On February 13, 2013, the trial court entered judgment in favor of appellees, adjudged appellant's property value at $132,000, and found that appellant owed $9,864.64 in delinquent taxes and accrued penalties for tax years 2005–2007.  Appellant timely filed this appeal.

**Discussion**

In her first issue, appellant contends that appellees violated her due process rights by failing to provide her with notice of their intention to conduct an evaluation of her business or an opportunity to provide appellees with an accurate inventory list.  In her second issue, she argues that appellees grossly overvalued her business and thus overestimated the taxes she owed.  In her third issue, appellant asserts that the trial court erred in finding her liable for the taxes assessed and granting judgment in favor of appellees.  Because appellant's issues are interrelated, we address them together.

### A. *Applicable Law*

Section 25.19 of the Tax Code states that an appraisal review board must give notice to a property owner of the appraised value of his land.  TEX. TAX CODE ANN. § 25.19 (West 2008).  Under section 41.41(a)(1), "[a] property owner is entitled to protest before the appraisal review board the . . . determination of the

---

[2]  The court reporter has informed this Court in writing that no reporter's record was made in this case.

appraised value of the owner's property . . . ." *Id.* § 41.41(a)(1) (West 2008). To do so, the property owner must timely file a written protest with the appraisal review board within the applicable statute of limitations. *See id.* 41.44(a) (West Supp. 2014). In addition, section 41.411(a) provides that a property owner is also entitled to protest "the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled." *Id.* § 41.411(a) (West Supp. 2014). If a property owner is dissatisfied with a review board's determination of his protest, section 42.01 provides that the property owner is entitled to seek judicial review of the review board's order. *See id.* § 42.01(a)(1)(A) (West Supp. 2014). Administrative decisions are final if not appealed to the district court within 60 days. *Id.* § 42.21(a) (West Supp. 2014).

The Texas Supreme Court has held that "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (citations omitted). "The administrative procedures are 'exclusive' and most defenses are barred if not raised therein." *Id.* (citing TEX. TAX CODE ANN. § 42.09 (West 2008)). In particular, section 42.09(a) of the Tax Code states that "[e]xcept as provided by Subsection (b) of this section, procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds . . . in

4

defense to a suit to enforce collection of delinquent taxes . . . ." TEX. TAX CODE ANN. § 42.09(a)(1) (West 2008).

## B. Analysis

Appellant contends that appellees failed to give her notice of their intention to conduct an evaluation of her property or an opportunity to provide them with an accurate inventory list. She argues that, in failing to do so, appellees did not provide her with a meaningful opportunity to dispute appellees' action, and thus deprived her of due process. Appellees assert that appellant was not deprived of due process in this matter.

The notice provisions, the method to contest valuations and taxes, and the procedures for judicial review contained in the Property Tax Code afford complete due process protection to a property owner. *First Nat'l Bank of Bellaire v. Huffman Indep. Sch. Dist.*, 770 S.W.2d 571, 572 (Tex. App.—Houston [14th Dist.] 1989, writ denied). The Tax Code provides taxpayers with administrative procedures specifically created to allow them to protest defective notice and improper actions by the taxing units. *See* TEX. TAX CODE ANN. §§ 41.41(a), 41.411(a).[3] In particular, the purpose of section 41.411 is to determine whether a

---

[3]     Section 41.411 of the Tax Code provides taxpayers with the due process protections that had been lacking under the previous statutory scheme. *See MAG-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 631 (Tex. App.—Austin 2005, pet. denied). Before the enactment of section 41.411, the property tax scheme did not provide taxpayers with adequate remedies at law to cure defective

property owner failed to receive notice of a tax assessment, thereby depriving it of the right to be heard at the administrative level. *See Denton Cent. Appraisal Dist. v. CIT Leasing Corp.*, 115 S.W.3d 261, 266 (Tex. App.—Fort Worth 2003, pet. denied); *Harris Cnty. Appraisal Review Bd. v. Gen. Elec. Corp.*, 819 S.W.2d 915, 919 (Tex. App.—Houston [14th Dist.] 1991, writ denied).

There is no evidence in the record before us that appellant protested appellees' alleged failure to provide her with notice of her property valuation at the administrative level, nor does appellant make this argument. Because statutory procedures satisfy due process requirements, a taxpayer who does not avail herself of the procedures is precluded from collaterally attacking property tax assessments. *See Hood v. Hays Cnty.*, 836 S.W.2d 327, 329 (Tex. App.—Austin 1992, no writ); *Herndon Marine Prods., Inc. v. San Patricio Cnty. Appraisal Dist.*, 695 S.W.2d 29, 35 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). As appellant did not avail herself of the statutory administrative remedies available, she has not shown that she was deprived of due process.[4]

---

notice. *Id.* at 630. Thus, courts developed equitable remedies in order to provide taxpayers with due process protections. *Id.* at 630–31.

[4] In support of her position that the taxing units failed to provide her with proper notice of the valuation of her property, appellant also argues that "appellees[s] sent [their] notice to Hope's Fashion and Beauty Supply at its 12240 Murphy Road[,] Stafford, Texas address despite the fact that it knew or should have known that the store had been closed down." Appellant cites no authority for her argument that a taxing entity is charged with the duty of determining whether a business still exists, nor are we aware of any. Further, as the owner of the business, appellant

Appellant also contends that the taxing units grossly overvalued her business and, thus, overestimated the taxes she owed. Specifically, she contends that her business was erroneously valued at $132,000 when it was only worth $10,000, resulting in an overestimation of the delinquent taxes. Appellees argue that appellant is barred from raising the issue of valuation as a defense in this suit to collect delinquent taxes.

Under section 41.41, "[a] property owner is entitled to protest before the appraisal review board the . . . determination of the appraised value of the owner's property . . . ." TEX. TAX CODE ANN. § 41.41(a)(1). The administrative procedures prescribed in the Tax Code to adjudicate an appraisal value protest are exclusive and a property owner may not raise such a protest as a defense to a suit to enforce collection of delinquent taxes. *See id.* § 42.09(a)(1). Thus, failure to exhaust the exclusive administrative remedies precludes judicial review of the appraisal and also deprives the property owner of the right to raise such protest as a defense

---

had the obligation to render the property according to statute. *See* TEX. TAX CODE ANN. § 22.01(a) (West Supp. 2014) ("[a] person shall render for taxation all tangible personal property used for the production of income that the person owns or that the person manages and controls as a fiduciary on January 1."). Appellant cannot defend her failure to pay statutorily mandated ad valorem taxes on the ground that the taxing entities should have known the business was closed. *See Dan's Big & Tall Shop, Inc. v. Cnty. of Dallas*, 160 S.W.3d 307, 311 (Tex. App.—Dallas 2005, pet. denied) (concluding that to extent notice delivered to appellant's business address was inexact, fault belonged to appellant, not to appraisal district).

7

against a suit to enforce collection of delinquent taxes. *See Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 76 (Tex. App.—El Paso 2005, no pet.); *CIT Leasing Corp.*, 115 S.W.3d at 264; *First Bank of Deer Park v. Harris Cnty.*, 804 S.W.2d 588, 592 (Tex. App.—Houston [1st Dist.] 1991, no writ); *see also Tex. Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992) (noting party must exhaust administrative remedies before seeking judicial review of agency action). Here, appellant could have protested the determination of the appraised value of her property but there is no evidence in the record that she did so. Having failed to exhaust the exclusive administrative remedies, appellant is precluded from raising the issue of overvaluation of her property as a defense in this suit.

Appellant also asserts that the trial court erred in finding that she owed $9,864.64 in delinquent taxes and accrued penalties and granting judgment in favor of appellees. Appellees, however, argue that because they established their prima facie case as to every material fact necessary to establish their cause of action and appellant failed to rebut their evidence, the trial court properly entered judgment in their favor.

Section 33.41 of the Tax Code authorizes a taxing unit, "[a]t any time after its tax on property becomes delinquent," to file suit to enforce the taxpayer's personal liability for the tax. *Id.* § 33.41(a) (West 2008). In this suit, the taxing

unit must "join other taxing units that have claims for delinquent taxes against all or part of the same property." *Id.* § 33.44(a) (West 2008). Section 33.47(a) provides:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

*Id.* § 33.47(a) (West 2008).

Once a taxing authority in a delinquency suit introduces the tax records described in section 33.47(a) into evidence, it establishes a prima facie case "as to every material fact necessary to establish its cause of action." *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist.*, 150 S.W.3d 901, 906 (Tex. App.—Dallas 2004, no pet.). Once a taxing unit establishes a prima facie case, a rebuttable presumption arises that the taxing entity has taken all actions necessary to obtain legal authority to levy the tax, including proper delivery of all required tax notices. *See Aldine Indep. Sch. Dist. v. Ogg*, 122 S.W.3d 257, 264 (Tex. App.—Houston [1st Dist.] 2003, no pet.) Thus, after the taxing authority makes its prima facie case by introducing the required records, the burden of proof then shifts to the taxpayer to show, by introducing competent evidence, that she has

9

paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to her case. *City of Bellaire*, 426 S.W.3d at 120.

Here, appellees complied with section 33.47(a) by introducing into evidence a certified copy of the tax statement for appellant's property for tax years 2005-2007, showing the delinquent tax, penalties, and interest owing for the property. The taxing units thus established a prima facie case as to every material fact necessary to establish their cause of action. *See id.* The burden then shifted to appellant to introduce competent evidence showing that she has paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to her case. *See id.*

At the hearing, appellant introduced a detailed sales report for merchandise sold in 2006, a beauty supply inventory list as of June 30, 2006, and a copy of a self-service storage rental agreement dated June 1, 2007. Aside from arguing that her property was overvalued—which, as noted above, is not a proper defense in a suit to recover delinquent taxes—there is no evidence that appellant asserted any other defenses. Appellant responds by arguing that even if appellees established their prima facie case, she should be given an opportunity to rebut the presumption. Appellant's argument is without merit. Contrary to her assertion, appellant had an opportunity to present defensive evidence at the hearing to rebut the presumption that the taxing units had taken all actions necessary to obtain legal authority to levy

10

the tax, including proper delivery of all required tax notices. The record before us is devoid of any evidence that she did so.

Where, as here, no findings of fact or conclusions of law were requested, the trial court's judgment implies all necessary findings of fact to support it. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). We conclude that the trial court did not err in finding that appellant owed delinquent taxes for the tax years 2005–2007, and that it properly granted judgment in favor of appellees. We overrule appellant's issues one through three.

**Conclusion**

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

11