**CITY OF BELLAIRE, Harris County, Houston Independent School District, Port of Houston Authority of Harris County, Harris County Flood Control District, Harris County Hospital District, Harris County Department of Education, and Houston Community College System, Appellants**

v.

**Efrem D. SEWELL d/b/a The Law Offices of Efrem D. Sewell, P.C., Appellee.**

**No. 01–11–00131–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 10, 2012.

F. Duane Force, Linebarger Goggan Blair & Sampson, LLP, Austin, TX, Herbert Alonzo Stone III, Linebarger Goggan Blair & Sampson, L.L.P., R. Gregory East, Perdue, Brandon, Fielder, Collins & Mott, L.L.P., Houston, TX, for Appellants.

Efrem Sewell, Bellaire, TX, for Appellee.

Panel consists of Justices KEYES, BLAND, and SHARP.

## OPINION

EVELYN V. KEYES, Justice.

Appellants, Harris County, the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, the Harris County Hospital District, the Houston Independent School District, and the Houston Community College System (collectively, "the taxing authorities"), sued Efrem Sewell, *d/b/a* The Law Offices of Efrem D. Sewell, P.C. ("Sewell"), to recover delinquent ad valorem taxes on Sewell's business personal property. The City of Bellaire ("the City") intervened, also seeking delinquent ad valorem taxes. The trial court awarded the delinquent base tax amounts to the taxing authorities and the City, but it did not award the penalties and interest that had accrued on the delinquent taxes. In one issue, the taxing authorities and the City contend that the trial court erred by failing to award them the penalties and interest to which they were statutorily entitled under the Texas Tax Code.

We reverse and remand.

## Background

The taxing authorities brought suit against Sewell for delinquent ad valorem taxes on his business personal property for the tax years 2002–2008 and sought $22,991.62 in delinquent taxes, penalties for failure to file statutorily required rendition statements, and statutory penalties and interest. It is undisputed that Sewell did not render his business personal property for any of the tax years at issue. The taxing authorities additionally sought recovery of "all delinquent taxes, penalties and interest, including taxes, penalties and interest becoming delinquent during the pendency of this suit," such as the taxes and the associated penalties and interest for the 2009 tax year, which became delinquent during the pendency of the suit. The taxing authorities joined the City as a party because it "may have a claim and lien for delinquent taxes against all or part of the same property." The City subsequently intervened and sought recovery of $4,542.71 in delinquent taxes, penalties, and interest for the 2002–2008 tax years and "all additional taxes which become delinquent on such property prior to judgment, as well as any additional penalties and interest which accrue prior to or after judgment."

At a bench trial on November 29, 2010, the taxing authorities and the City introduced certified copies of Sewell's delinquent tax statements for tax years 2002–2009, issued by the Harris County Tax Assessor–Collector, which reflected the base tax owed and the statutory penalties, interest, and rendition penalties assessed. Sewell argued that collection of the delinquent taxes, penalties, and interest for the 2002–2004 tax years was barred by limitations, and the trial court agreed and rendered judgment to this effect.[1] The final judgment included a table setting out the delinquent base tax, the penalties and interest accrued, and the total amounts owed to Harris County,[2] the Houston Independent School District, the Houston Community College System, and the City. These amounts corresponded to the entries for the base taxes, penalties, and interest for each taxing unit for the tax years 2005–2009 as shown in the certified tax statements. In the judgment, the trial court crossed out the columns for "Penalty & Interest" and "Total," and instead handwrote a total of $12,834.59 underneath the "Delinquent Base Tax" column. The trial court also awarded post-judgment interest and costs to the taxing authorities and the City and placed a tax lien against Sewell's property.

The taxing authorities requested that the trial court file findings of fact and

---

1. *See* TEX. TAX CODE ANN. § 33.05(a)(1) (Vernon 2008) ("Personal property may not be seized and a suit may not be filed to collect a tax on personal property that has been delinquent more than four years."). The trial court ruled that "Plaintiff(s) HISD, HCCS, and HARRIS COUNTY take nothing against the Defendant(s) as to tax years 2002 through 2004" on the basis of limitations. The taxing authorities do not challenge this ruling on appeal. The trial court did not, however, so limit the City's recovery. Instead, the final judgment awarded $3,018.50 to the City. This amount corresponds to the total amount of base taxes payable to the City for tax years 2002–2009 as reflected on the certified copy of the tax asses-

sor-collector's records. On appeal, however, the City argues that it "does not request recovery of [the 2002–2004] tax years," and it instead requests rendition of judgment in the amount of $3,858.05: $2,196.19 for "2005–2009 base tax and rendition penalty" and $1,661.86 for statutory penalties and interest. (Emphasis added.)

2. The trial court referred to Harris County, the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, and the Harris County Hospital District collectively as "Harris County."

conclusions of law, and they later requested past-due findings and conclusions. The trial court never responded.

Both the taxing authorities and the City moved for a new trial. They argued that the certified tax statements established a prima facie case of the amount of delinquent taxes, penalties, and interest that Sewell owed to each taxing unit. They noted that Sewell had complained at trial that the "[appraised] value [of his business personal property] was too high," but they argued that no section of the Tax Code allows the trial court to waive the statutory penalties and interest on this basis and that the only waivers authorized by the Tax Code were not applicable to this case. They argued that the trial court should have granted relief "in the full amount requested," and they requested that the court modify its judgment to include the amount of assessed penalties and accrued interest as shown on the certified tax statements. These motions were overruled by operation of law.

### Penalties and Interest on Delinquent Ad Valorem Taxes

■ In their sole issue, the taxing authorities and the City contend that the trial court erred in awarding them only delinquent taxes because they are also statutorily entitled to the penalties and interest that have accrued on the delinquent taxes.

The Tax Code provides that generally, with exceptions not applicable here, ad valorem taxes are delinquent "if not paid before February 1 of the year following the year in which [the taxes are] imposed." TEX. TAX CODE ANN. § 31.02(a) (Vernon 2008). Tax Code section 33.01 provides that a delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month the tax is delinquent, plus one percent for each additional month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent. *Id.* § 33.01(a) (Vernon 2008). If, however, the tax remains unpaid on July 1, the tax incurs a total penalty of twelve percent of the amount of the tax, regardless of how many months the tax has been delinquent. *Id.* Delinquent taxes continue to incur this penalty as long as the taxes remain unpaid, regardless of whether a judgment for the delinquent taxes has been rendered. *Id.* A delinquent tax also accrues interest at the rate of one percent for each month the tax remains unpaid, regardless of whether a judgment has been rendered. *Id.* § 33.01(c).

The taxing unit may also provide that taxes that remain unpaid on July 1 "incur an additional penalty to defray costs of collection" if the unit contracts with an attorney for collection purposes pursuant to Tax Code section 6.30. *Id.* § 33.07(a) (Vernon 2008); *see also id.* § 6.30(c) (Vernon 2008) ("The governing body of a taxing unit may contract with any competent attorney to represent the unit to enforce the collection of delinquent taxes. The attorney's compensation is set in the contract, but the total amount of compensation provided may not exceed 20 percent of the amount of delinquent tax, penalty, and interest collected."). The amount of the penalty may not exceed the amount of compensation specified in the contract with the collections attorney. *See id.* § 33.07(a).

Additionally, taxpayers are required to "render for taxation all tangible personal property used for the production of income that the person owns ... on January 1." *Id.* § 22.01(a) (Vernon Supp. 2011) (listing requirements for rendition statement). If a taxpayer fails to timely file a rendition statement, "the chief appraiser shall impose a penalty ... in an amount equal to 10 percent of the total amount of taxes

imposed on the property for that year by taxing units participating in the appraisal district." *Id.* § 22.28(a) (Vernon Supp. 2011); *Sturgis Air One, L.L.C. v. Harris Cnty. Appraisal Dist.*, 351 S.W.3d 381, 386 (Tex.App.-Houston [14th Dist.] 2011, no pet.) ("An untimely rendition results in the ten percent penalty mandated by Section 22.28."); *Indus. Commc'ns, Inc. v. Ward Cnty. Appraisal Dist.*, 296 S.W.3d 707, 720 (Tex.App.-El Paso 2009, pet. denied) ("The Tax Code imposes substantial penalties on a person who fails to render property for taxation.").

Tax Code section 33.011 contains provisions in which waiver of the assessed penalties by the governing body of the taxing unit is mandatory and waiver of the accrued interest is discretionary, as well as provisions in which waiver of both the penalties and the interest is discretionary. *See* TEX. TAX.CODE ANN. § 33.011 (Vernon 2008). For these waivers to apply, both of these provisions require, among other things, the taxpayer to pay the delinquent tax not later than the 21st day after the date the taxpayer knows or should have known of the delinquency. *See id.* § 33.011(a)(1), (3). It is undisputed that Sewell has never paid any portion of the taxes assessed, and thus the waiver provisions of section 33.011 are inapplicable.

 Tax Code section 33.41 authorizes a taxing unit, "[a]t any time after its tax on property becomes delinquent," to file suit to enforce the taxpayer's personal liability for the tax. *Id.* § 33.41(a) (Vernon 2008). In this suit, the taxing unit must "join other taxing units that have claims for delinquent taxes against all or part of the same property." *Id.* § 33.44(a) (Vernon 2008). Section 33.47(a) provides:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

*Id.* § 33.47(a) (Vernon 2008). Once a taxing authority in a delinquency suit introduces the tax records described in section 33.47(a) into evidence, it establishes a prima facie case "as to every material fact necessary to establish its cause of action." *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist.*, 150 S.W.3d 901, 906 (Tex. App.-Dallas 2004, no pet.); *see also Maximum Med. Improvement, Inc. v. Cnty. of Dallas*, 272 S.W.3d 832, 835 (Tex.App.-Dallas 2008, no pet.) (stating same); *Reinmiller v. Cnty. of Dallas*, 212 S.W.3d 835, 836–37 (Tex.App.-Eastland 2006, pet. denied) (stating same); *Aldine Indep. Sch. Dist. v. Ogg*, 122 S.W.3d 257, 264 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (stating same). A rebuttable presumption then arises that the taxes in question are due, delinquent, and unpaid. *Nat'l Med. Fin. Servs.*, 150 S.W.3d at 906. After the taxing authority makes its prima facie case by introducing the required records, the burden of proof then shifts to the taxpayer to show, by introducing competent evidence, that he has paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to his case. *Id.; see also Estates of Elkins v. Cnty. of Dallas*, 146 S.W.3d 826, 829 (Tex. App.-Dallas 2004, no pet.) ("Unless the taxpayer establishes independent reasons why the taxing authority should not recover, the taxing authority is entitled to judgment.").

Taxing units are statutorily entitled to penalties and interest on delinquent taxes pursuant to Tax Code chapter 33. *See* TEX. TAX CODE ANN. § 33.01(a) ("[A] tax delinquent on July 1 incurs a total penalty of twelve percent of the amount of the delinquent tax ...."), (c) ("A delinquent tax accrues interest at a rate of one percent for each month ... the tax remains unpaid."); *see also Atl. Shippers of Tex., Inc. v. Jefferson Cnty.*, 363 S.W.3d 276, 283 (Tex.App.-Beaumont 2012, no pet. h.) ("The Tax Code further provides that a delinquent tax incurs statutory penalties and accrues interest."); *Galveston Indep. Sch. Dist. v. Heartland Fed. Sav. & Loan Ass'n*, 159 B.R. 198, 205 (S.D.Tex.1993) (applying section 33.01(c) and holding, "[T]he Taxing Authorities are entitled to statutory interest for every month or portion of a month after August 26, 1991, in which the 1990 taxes remained unpaid"). Tax Code section 33.52(b), which addresses the form of the judgment in a delinquent tax suit, provides that "[i]n lieu of stating as a liquidated amount the aggregate total of taxes, penalties, and interest due, a judgment may: (1) set out the tax due each taxing unit for each year; and (2) provide that penalties and interest accrue on the unpaid taxes as provided by Subchapter A [of chapter 33]." TEX. TAX CODE ANN. § 33.52(b) (Vernon Supp. 2011). In either circumstance, the judgment must award applicable penalties and interest in addition to the delinquent tax. Unless one of the waiver provisions of section 33.011 applies, which is not the case here, the trial court has no discretion to omit an award of penalties and interest from the judgment if the taxing units have established their prima facie entitlement to relief and the taxpayer provides no contrary evidence or legal arguments for why the penalties and interest should not be awarded. *See Atl. Shippers*, 363 S.W.3d at 283 ("[W]e conclude the summary judgment

evidence establishes, as a matter of law, that Atlantic failed to pay its taxes by the statutory deadlines.... We hold the trial court correctly concluded that Atlantic, as a matter of law, owed penalties and interest on tax years 2005, 2006, and 2007."); *see also Carrollton–Farmers Branch Indep. Sch. Dist. v. JPD, Inc.*, 168 S.W.3d 184, 188 (Tex.App.-Dallas 2005, no pet.) ("Once the appraised value is finally determined, the tax rolls are corrected and the current tax roll is used to calculate penalties and interest recoverable in a delinquency lawsuit under chapter 33."); *Richardson Indep. Sch. Dist. v. GE Capital Corp.*, 58 S.W.3d 290, 294–95 (Tex.App.-Dallas 2001, no pet.) ("By changing the amount of tax owed, the corrected tax bill changes the amount of tax on which delinquency penalties are assessed; however, it does not purport to eliminate the property owner's liability for penalties from the failure to pay the original tax bill.").

Here, the taxing authorities and the City complied with section 33.47(a) by introducing into evidence certified copies of the delinquent tax statements for tax years 2002–2009. These statements demonstrated the delinquent tax owed, the applicable penalties, including rendition penalties, and the accrued interest assessed for each taxing unit and each tax year. The taxing authorities and the City thus established a prima facie case "as to every material fact necessary to establish [their] cause of action." *Nat'l Med. Fin. Servs., Inc.*, 150 S.W.3d at 906. The burden then shifted to Sewell to introduce competent evidence showing either that he paid the full amount of taxes, penalties, and interest, or that some other defense applied to his case. *Id.* Aside from asserting limitations with regard to the 2002–2004 tax years, which the taxing authorities and the City conceded, and arguing that his property was overvalued, which is not a proper de-

fense in a suit to recover delinquent taxes,[3] Sewell asserted no other defenses, and he presented no evidence that he had paid the full amount of taxes, penalties, and interest.

We conclude that the taxing authorities and the City were statutorily entitled to penalties and interest accrued on Sewell's delinquent taxes for tax years 2005–2009. We hold that the trial court erred in failing to award the applicable penalties and interest to the taxing authorities and the City in its final judgment.[4]

We sustain the taxing authorities' and the City's sole issue.

### Conclusion

We reverse the judgment of the trial court insofar as it failed to award applicable penalties and interest to the taxing authorities and the City and remand the case to the trial court for calculation of the amount of penalties and interest to which the taxing authorities and the City are statutorily entitled.

---

3. Complaints that the appraisal district overvalued the taxpayer's property are properly raised in proceedings pursuant to Tax Code chapters 41 and 42, involving a protest of the appraised value before the appraisal review board and judicial review of the appraisal review board's administrative determination in the district court. *See* TEX. TAX CODE ANN. §§ 41.01–71, 42.01–.43 (Vernon 2008 & Supp. 2011). Except for exceptions not applicable here, the administrative procedures for adjudicating valuation protests are "exclusive, and a property owner may not raise any of those grounds in defense to a suit to enforce collection of delinquent taxes." *Id.* § 42.09(a)(1) (Vernon 2008); *see also Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.,* 225 S.W.3d 68, 76 (Tex.App.-El Paso 2005, no pet.) ("[F]ailure to exhaust the administrative remedies precludes judicial review of the appraisal and also deprives the property owner of the right to raise such protest as a defense against a suit to enforce collection of delinquent taxes."); *Reed v. Prince,* 194 S.W.3d 101, 107 (Tex.App.-Texarkana 2006, pet. denied) ("A taxpayer must meet specific and mandatory provisions of the Tax Code in order to challenge the amount of taxes assessed against a property.") (citing TEX. TAX CODE ANN. §§ 41.01–.71 (Vernon 2008 & Supp. 2011)). Thus, because Sewell could not properly assert overvaluation as a defense to payment of the delinquent taxes, penalties, and interest, the trial court could not refuse to award penalties and interest to the taxing authorities and the City on this basis.

4. The City requests that we reverse and render judgment that it is entitled to $3,858.05, the total amount of delinquent taxes, rendition penalties, and section 33.01 penalties and interest for the 2005–2009 tax years as stated in the certified tax statements. We note that section 33.01 provides that penalties and interest continue to accrue "as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered." TEX. TAX CODE ANN. § 33.01(a), (c) (Vernon 2008). We therefore remand this case to the trial court to determine the amount of penalties and interest to which the taxing authorities and the City are entitled under the Tax Code.