**Opinion issued November 1, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-18-00211-CV**

————————————

**WILLIAM M. WALLS A/K/A WILLIAM MERRILL TRYGSTAD,**
**Appellant**

**V.**

**HARRIS COUNTY, CITY OF HOUSTON, HOUSTON INDEPENDENT**
**SCHOOL DISTRICT, AND HOUSTON COMMUNITY COLLEGE**
**SYSTEM, Appellees**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-09635**

---

## MEMORANDUM OPINION

In this ad valorem tax case, appellant, William M. Walls, also known as William Merrill Trygstad ("Walls"), proceeding pro se, challenges the trial court's summary judgment in favor of appellees, Harris County,[1] City of Houston, Houston Independent School District, and Houston Community College System (collectively, the "taxing units"), in their suit against Walls to recover delinquent taxes on his real property.[2]  In two issues, Walls contends that the trial court erred in granting summary judgment for the taxing units and not ruling on his motion for summary judgment.

We affirm.

## Background

The record shows that, in 2005, the taxing units sued Walls, in cause number 2005-21975, for delinquent ad valorem taxes associated with an account number ending in 0015 ("account 0015").[3]  On July 18, 2007, the trial court signed a final judgment (the "2007 final judgment"), in which it found, in pertinent part, that Walls

---

[1]  Harris County collects on behalf of itself and certain county-wide taxing units, which are: the Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, and the Harris County Hospital District.  These entities are included within the references to Harris County.

[2]  *See* TEX. TAX CODE ANN. § 33.41 (West 2015).

[3]  *See also Walls v. Harris Cty.*, No. 14-14-00260-CV, 2015 WL 3896606, at *3 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (mem. op.).

2

had paid all relevant taxes due, penalties, interest, attorney's fees, and costs at issue, and it ordered that the taxing units take nothing on their claims.[4]

In 2009, the taxing units sued Walls, in cause number 2009-20004 (the "2009 suit"), for delinquent ad valorem taxes for tax years 2007 and 2009, pertaining to account 0015 and his real property, described as:

> Tract No. 1: ACCT. NO. 0825430000015; All that certain tract designated as 'Commercial Reserve', Block 2, in Holloway Heights, Section One, a subdivision in Harris County, Texas . . . .

(the "Almeda property"). The taxing units also included claims against Walls for delinquent ad valorem taxes for tax years 2002 to 2006, pertaining to an account ending in 0016 ("0016 account") and improvements on the Almeda property that had previously been omitted from the tax rolls, described as:

> Tract No. 2: ACCT NO. 0825430000016; RES A BLK 2 (OMITTED IMPS) (LAND*0825430000015) HOLLOWAY HEIGHTS SEC 1

(the "improvements"). Walls filed a counterclaim, seeking a declaration that the taxing units' claim for delinquent taxes on the improvements was previously adjudicated against them in the 2007 final judgment.

Subsequently, the trial court dismissed the 2009 suit for want of prosecution, and it severed Walls's counterclaim into cause number 2009-20004A (the "severed case"). In the severed case, the trial court ruled that Walls "take nothing" on his

---

[4]     The specific matters at issue are not in the record before us.

declaratory claim. On appeal, the court of appeals affirmed, holding that the "tax bill for the 0016 account [the improvements] was not created until . . . five months after the trial court signed the 2007 final judgment." *See Walls v. Harris Cty.*, No. 14-14-00260-CV, 2015 WL 3896606, at *3 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (mem. op.). Thus, the "tax bill for the improvements did not exist and was not adjudicated in the 2007 final judgment." *Id*.

In 2016, the taxing units filed the instant suit to recover delinquent ad valorem taxes for tax years 2007, 2009, 2013, and 2016, pertaining to the 0015 account and the Almeda property. They sought a total of $18,229.89 in taxes, penalties, and interest, and sought foreclosure of their lien.

Walls answered, generally denying the allegations and asserting various affirmative defenses, including res judicata and accord and satisfaction. He again argued that the taxing units' claim for delinquent taxes pertaining to tax years 2007 and 2009 was resolved by the 2007 final judgment. He asserted, with respect to the claim for delinquent taxes for tax year 2013, that "[p]ayment in the amount of $1,440 ha[d] been paid and a full accounting [was] requested." Walls also brought a counterclaim, seeking a declaration that

> the improvements which [the taxing units] are alleging are those same improvements constructed on the property in 2001 and that [the taxing units] are barred from raising their claims for back taxes on improvements prior to 2007.

4

The taxing units answered, asserting a general denial and affirmative defenses, including res judicata. They filed a motion for summary judgment, asserting that they were entitled to judgment as a matter of law on their suit to establish and collect delinquent taxes, penalties, and interest owing on the Almeda property for tax years 2007, 2009, 2013, and 2016. They asserted that, in a suit to collect delinquent taxes, certified copies of the entries of the delinquent tax rolls showing the property description, appraised value of the property from the most recent appraisal roll, and the amount of the tax imposed, constituted prima facie evidence that they had complied with all requirements of law and that the amount of tax alleged to be delinquent against the property listed was the correct amount.[5] They attached as their evidence certified copies of delinquent tax statements from the Harris County Tax Assessor-Collector, an abstractor's affidavit, and a certified copy of Walls's warranty deed to the Almeda property. They asserted that there was no genuine issue as to any material fact with respect to Walls's liability for delinquent taxes and that they were entitled to summary judgment awarding them taxes, penalties, and interest, together with foreclosure of their tax liens.[6] They further argued that there was no genuine issue of material fact with respect to Walls's counterclaim because the court of appeals, in *Walls*, had previously overruled

---

[5]     *See* TEX. TAX CODE ANN. § 33.47 (West 2015).

[6]     *See id.* §§ 33.01, 33.07 (West 2015).

5

Walls's argument that the delinquency based on the omitted improvements had been adjudicated in the 2007 final judgment.

In his summary-judgment response, Walls asserted that the Harris County Appraisal District ("HCAD") had created the 0016 account in 2002 to "identify omitted improvements" to the Almeda property, and, "[o]n information and belief," the taxing units had since "merged" the 0016 and 0015 accounts. He asserted that the parties had reached a "settlement" with regard to the taxes due for years 2002 to 2006. And, the taxing units, by the instant suit, again sought taxes for the same improvements, which "were negated by" the 2007 final judgment. He attached, as his evidence, the 2007 final judgment and a page from an HCAD record showing that the 0016 account was created in 2002.

Walls further asserted that he had paid the taxes due for tax year 2013. He attached a copy of a canceled check, dated January 31, 2014, made payable to Mike Sullivan, the Harris County Tax Assessor-Collector, in the amount of $1,440.

Walls also filed a "Traditional and No-Evidence Motion for Summary Judgment," asserting that he was entitled to summary judgment on the taxing units' claims for tax years 2007 and 2009 based on res judicata. His summary judgment evidence included the taxing units' petitions in the instant suit and in the 2009 suit, the taxing units' answer and the trial court's judgments in the 2009 suit and severed

case, and materials related to other cases. Walls did not present any discussion pertaining to his no-evidence motion.

The trial court granted summary judgment in favor of the taxing units and awarded them, against Walls, a total of $20,446.76 in taxes, penalties, and interest, for tax years 2007, 2009, 2013, and 2016, pertaining to the 0015 account and the Almeda property. It ordered that the Almeda property be sold in satisfaction of the judgment. The trial court's order states: "Any other relief previously requested and not herein granted in expressly denied."

Walls filed a motion for new trial "on the basis that [his] payments had and received by [the taxing units] were not acknowledged by [the taxing units]." At a hearing on the motion, the taxing units asserted that, notwithstanding Walls's 2014 payment, there remained a balance due for tax year 2013 in the amount of $1,407.44, as reflected in the evidence. The trial court denied the motion for new trial.

## Summary Judgment

In his first issue, Walls argues that the trial court erred in granting summary judgment in favor of the taxing units.

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.* To prevail on a

traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When a plaintiff moves for summary judgment on its own claim, it must conclusively prove all essential elements of its cause of action. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once the movant meets its burden, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Evidence raises a genuine issue of fact if reasonable and fair-minded factfinders could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

Tax Code section 33.41 authorizes a taxing unit, at any time after its tax on property becomes delinquent, to file suit to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both. TEX. TAX CODE ANN. § 33.41(a) (West 2015). Further, section 33.47(a) provides:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

*Id.* § 33.47(a) (West 2015). Once the taxing unit introduces the tax records described in section 33.47(a) into evidence, it establishes a prima facie case "as to every material fact necessary to establish its cause of action." *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Such gives rise to a rebuttable presumption that the taxes in question are due, delinquent, and unpaid. *Id.* After the taxing unit makes its prima facie case by introducing the required records, the burden then shifts to the taxpayer to show, by introducing competent evidence, that he has paid the full amount of taxes, penalties, and interest or that there is some other defense that applies to his case. *Id.* Unless the taxpayer establishes an independent reason why the taxing unit should not recover, the taxing unit is entitled to judgment. *Id.*

Here, the taxing units complied with section 33.47(a) by introducing into evidence a certified copy of the tax statement for Walls's Almeda property for tax years 2007, 2009, 2013, and 2016, showing the delinquent taxes, penalties, and interest owing on the property. The taxing units thus established a prima facie case as to every material fact necessary to establish their cause of action. *See id.* The burden then shifted to Walls to introduce competent evidence showing that he had paid the *full amount* of the taxes, penalties, and interest or that there was some other defense that applied to his case. *See id.*

9

In his summary-judgment response, Walls asserted that the taxing units again sought delinquent taxes for previously omitted improvements on the Almeda property that "were negated by" the 2007 final judgment, which resolved that he had "paid all due taxes, penalties, interest, attorney's fees, and costs." He asserted that the parties had reached a "settlement" with regard to such delinquency. He attached, as his summary-judgment evidence, the 2007 final judgment and a page from an HCAD record showing that the 0016 account was created in 2002.

The record shows that the taxing units, by their petition and evidence, sought delinquent taxes for tax years 2007, 2009, 2013, and 2016, pertaining to account 0015 and the Almeda property. Nothing suggests that the taxing units sought taxes related to account 0016 or omitted improvements. Moreover, the 2007 judgment does not support Walls's argument because, as the court of appeals held, the "tax bill for the improvements did not exist and was not adjudicated in the 2007 final judgment." *Walls*, 2015 WL 3896606, at *3. Nothing in the 2007 final judgment reflects that it has any bearing on the taxes at issue in this case.

Walls also argues that a fact issue precludes summary judgment because he paid the taxes due with respect to tax year 2013. He attached a copy of a canceled check to the Harris County Tax Assessor-Collector, dated January 31, 2014, in the amount of $1,440.00. As discussed at the hearing, the taxing units' summary-judgment evidence shows that there remained a base balance of $1,407.44 due on

10

Walls's account for tax year 2013. More importantly, Walls did not meet his burden to introduce competent evidence showing that he had paid "the full amount of taxes, penalties, and interest" due on his account. *See City of Bellaire*, 426 S.W.3d at 120.

Because Walls's summary-judgment evidence does not raise a fact issue with respect to the delinquent taxes on the Almeda property for tax years 2007, 2009, 2013, and 2016, we conclude that the taxing units have conclusively established that they are entitled to judgment on their claim for delinquent taxes. Accordingly, we hold that the trial court did not err in granting summary judgment in favor of the taxing units.

We overrule Walls's first issue.

**Ruling on Cross-Motion for Summary Judgment**

In his second issue, Walls asserts that the trial court erred in granting summary judgment for the taxing units without first ruling on his cross-motion for summary judgment.

The record shows that the taxing units moved for summary judgment on the taxes due on Walls's Almeda property, and Walls moved for a summary judgment on his affirmative defense of res judicata. Thus, the trial court, in granting summary judgment for the taxing units on their claim for delinquent taxes, necessarily denied Walls's pending motion for summary judgment on his defense.

When, as here, a trial court's ruling granting one summary judgment motion necessarily denies another pending motion for summary judgment on the same issue, we imply the ruling of denial. *See Frank's Int'l, Inc. v. Smith Int'l, Inc.*, 249 S.W.3d 557, 559 n.2. (Tex. App.—Houston [1st Dist.] 2008, no pet.) (ruling in appellee's favor on motion for summary judgment necessarily denied appellant's competing motion). We hold that the trial court did not err by not explicitly ruling on Walls's motion for summary judgment.

To the extent that Walls, in his brief, challenges the trial court's denial of his motion for summary judgment, he does not provide any analysis or discussion in support. Accordingly, we conclude that this portion of his issue is inadequately briefed and is, thus, waived. *See* TEX. R. APP. P. 38.1(i) (requiring that appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (discussing long-standing rule that inadequate briefing waives issue on appeal); *Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802, 847 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

We overrule Walls's second issue.

**Conclusion**

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.