**Reversed and Rendered and Memorandum Opinion filed February 7, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00247-CV

**HARRIS COUNTY, TEXAS, PORT OF HOUSTON AUTHORITY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HOUSTON INDEPENDENT SCHOOL DISTRICT, CITY OF HOUSTON, HARRIS COUNTY HOSPITAL DISTRICT, HARRIS COUNTY DEPARTMENT OF EDUCATION, AND HOUSTON COMMUNITY COLLEGE SYSTEM,** Appellants

**V.**

**FALCON HUNTER, LLC, Appellee**

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-46520**

## M E M O R A N D U M   O P I N I O N

Falcon Hunter, LLC ("Falcon Hunter") sued several taxing units, seeking a refund of penalties and interest paid on delinquent property taxes. The taxing units—Harris County, Port of Houston Authority, Harris County Flood Control

District, Houston Independent School District, City of Houston, Harris County Hospital District, Harris County Department of Education, and Houston Community College System (the "Taxing Units")—appeal the trial court's denial of their plea to the jurisdiction. The Taxing Units contend that Falcon Hunter failed to plead facts establishing subject-matter jurisdiction because it did not plead a waiver of governmental immunity applicable to its claim or, alternatively, did not plead facts showing it exhausted administrative remedies.

We agree with the Taxing Unit's first point and conclude that Falcon Hunter has not pleaded facts within the scope of a clear and unambiguous waiver of governmental immunity for its claim. We reverse and render judgment granting the Taxing Units' plea to the jurisdiction and dismissing Falcon Hunter's suit for lack of subject-matter jurisdiction.

## Factual and Procedural Background

The underlying case arises from a property tax bill Falcon Hunter alleges it never received and did not know about until after the assessed taxes became delinquent. We summarize the following facts based on the allegations in Falcon Hunter's petition. Falcon Hunter did not receive its 2012 tax bill because the Harris County Tax Assessor-Collector sent it to an incorrect address and the bill was returned. Consequently, Falcon Hunter failed to pay its 2012 property tax bill timely.[1] On approximately April 10, 2013, Falcon Hunter paid the full amount of assessed taxes, $53,799.62, plus penalties, interest, and collection fees of $17,861.48.

---

[1] The petition does not allege the date when Falcon Hunter's taxes became delinquent, but ordinarily property taxes for a given tax year become delinquent if not paid by February 1 of the following year. Tex. Tax Code § 31.02(a); *City of Bellaire v. Sewell*, 426 S.W.3d 116, 119 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Absent contrary allegations, we assume that is the case here.

2

Nearly three years later, on February 14, 2016, Falcon Hunter applied to the tax assessor-collector for a refund of the $17,861.48 paid in penalties, interest, and fees; it did not seek a refund of any portion of the assessed taxes. The assessor-collector did not respond to Falcon Hunter's request, which means the request was presumptively denied. Falcon Hunter sued the Taxing Units on July 13, 2016, seeking a refund of the penalties, interest, and collection fees, as well as attorney's fees and costs.

As the basis for its claim, Falcon Hunter cited Tax Code section 33.011, entitled "Waiver of Penalties and Interest," which outlines circumstances under which a taxpayer may receive a waiver of penalties and interest on delinquent taxes. Specifically, Falcon Hunter alleged that under section 33.011(b) the Taxing Units were required to waive penalties and interest on its delinquent tax payment because the tax assessor's error in sending the bill to an incorrect address caused the tax delinquency in the first place. Section 33.011(b) is the sole pleaded basis for Falcon Hunter's claim for relief.

Alleging that its request for refund was denied by operation of law, Falcon Hunter invoked Tax Code section 31.11 as evincing the necessary legislative consent to compel the refund by lawsuit. Subsection (k) provides that "[n]ot later than the 60th day after the date the collector for a taxing unit denies an application for a refund, the taxpayer may file suit against the taxing unit in district court to compel the payment of the refund." Tex. Tax Code § 31.11(k).

The Taxing Units filed a plea to the jurisdiction. They argued that Tax Code section 31.11(k) does not clearly and unambiguously waive governmental immunity for a lawsuit seeking a refund of penalties, interest, and collection fees. Rather, the Taxing Units argued, section 31.11(k) waives governmental immunity from suit only as to a taxing unit's denial of a refund for overpayment or erroneous payment of

3

taxes.[2] The Taxing Units alternatively asserted that Falcon Hunter failed to exhaust administrative remedies. Falcon Hunter filed a response, and the Taxing Units replied.

The trial court signed an order denying the Taxing Units plea to the jurisdiction. The Taxing Units timely filed this appeal.[3]

## Standard of Review

Subject-matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). The trial court's power to determine the subject matter of a claim is properly challenged in a plea to the jurisdiction. *Harris County v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018). Whether a court possesses subject-matter jurisdiction is a question of law that we review de novo. *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

A plea to the jurisdiction can challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *See Miranda*, 133 S.W.3d at 226-28. The Taxing Units did not present any evidence to support their plea to the jurisdiction, nor did Falcon Hunter rely on evidence in its response, so the instant case involves a challenge to the sufficiency of Falcon Hunter's petition. As the claimant, Falcon Hunter bears the burden of pleading facts that affirmatively demonstrate that governmental immunity from suit has been waived and that the court has subject-matter jurisdiction, which may be alleged either by reference to a statute or to express legislative permission. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *see also Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d

---

[2] *See* Tex. Tax Code § 31.11(a).

[3] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (permitting interlocutory appeal of order denying governmental unit's plea to the jurisdiction).

540, 542 (Tex. 2003); *City of Houston v. Gutkowski*, 532 S.W.3d 855, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

We examine the plaintiff's live pleading to determine if its claim comes within a valid statutory waiver of immunity. *Whitley*, 104 S.W.3d at 542; *see also Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). We construe the plaintiff's pleadings liberally, take all factual allegations as true, and look to the plaintiff's intent. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016); *Miranda*, 133 S.W.3d at 226. If, as here, the claimant relies on a statutory waiver of immunity from suit, the legislature's expression of that waiver for the claim at issue must be "clear and unambiguous." *See Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018); *Tooke v. City of Mexia*, 197 S.W.3d 325, 328-29 (Tex. 2006); Tex. Gov't Code § 311.034. This principle of legislative clarity applies to both the existence and extent of the waiver. *City of LaPorte v. Barfield*, 898 S.W.2d 288, 297 (Tex. 1995). We interpret statutory waivers of immunity narrowly. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). "We require the Legislature to express its intent beyond doubt and will construe ambiguities in a manner that retains the State's immunity." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 701 (Tex. 2003).

**Applicable Law**

Sovereign immunity and governmental immunity are related doctrines that protect the state and its political subdivisions from suit or liability for money damages. *See Annab*, 547 S.W.3d at 612; *Tooke*, 197 S.W.3d at 331-32. "Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts." *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011). Because

the Taxing Units are undisputedly political subdivisions of the State, this case involves governmental, not sovereign, immunity.[4] The Taxing Units raise the issue of immunity from suit, which, unlike immunity from liability, deprives a court of subject-matter jurisdiction over claims against a governmental entity absent legislative waiver. *See Annab*, 547 S.W.3d at 612; *Tooke*, 197 S.W.3d at 331-32.

Falcon Hunter sought relief against the Taxing Units under Tax Code section 33.011(b), which applies when a tax bill is returned to the taxing unit by the post office under certain conditions. That subsection provides in full:

> (b) If a tax bill is returned undelivered to the taxing unit by the United States Postal Service, the governing body of the taxing unit shall waive penalties and interest if:
>
> > (1) the taxing unit does not send another tax bill on the property in question at least 21 days before the delinquency date to the current mailing address furnished by the property owner and the property owner establishes that a current mailing address was furnished to the appraisal district by the property owner for the tax bill before September 1 of the year in which the tax is assessed; or
> >
> > (2) the tax bill was returned because of an act or omission of an officer, employee, or agent of the taxing unit or the appraisal district in which the taxing unit participates and the taxing unit or appraisal district did not send another tax bill on the property in question at

---

[4] Falcon Hunter does not dispute that the Taxing Units are political subdivisions of the State and thus possess governmental immunity from suit unless the legislature has waived it. The Tax Code defines "taxing unit" as:

> a county, an incorporated city or town (including a home-rule city), a school district, a special district or authority (including a junior college district, a hospital district, a district created by or pursuant to the Water Code, a mosquito control district, a fire prevention district, or a noxious weed control district), or any other political unit of this state, whether created by or pursuant to the constitution or a local, special, or general law, that is authorized to impose and is imposing ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs its affairs.

Tex. Tax Code § 1.04(12).

least 21 days before the delinquency date to the proper mailing address.

Tex. Tax Code § 33.011(b). When a taxpayer shows that a tax bill was returned undelivered to the taxing unit by the United States Postal Service, and also establishes either (1) or (2) above, then the taxing unit must waive penalties and interest on the tax at issue. *Id*.

To secure the benefit of subsection (b), however, the taxpayer must submit a request for waiver of penalties and interest under subsection (d). *See id*. § 33.011(d). That subsection states: "[a] request for a waiver of penalties and interest under Subsection . . . (b) . . . must be made before the 181st day after the delinquency date. . . . To be valid, a waiver of penalties or interest under this section must be requested in writing." *Id*. Further, if a taxpayer does not submit a timely written request for a waiver, the governing body of the taxing unit may not waive any penalties or interest under section 33.011. *Id*.

As to the waiver of immunity, the Taxing Units and Falcon Hunter disagree about whether Falcon Hunter's alleged right to relief under section 33.011(b) comes within the limited waiver of immunity enumerated in a separate chapter of the Tax Code, section 31.11(k). Resolving this disagreement involves construction of provisions of the Tax Code, which we review de novo. *Harris Cty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). In construing a statute, our objective is to determine and give effect to the legislature's intent by looking to the plain and common meaning of a statute's words. *See id.*; *see also Ashland Inc. v. Harris Cty. Appraisal Dist.*, 437 S.W.3d 50, 52-53 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("If a statute is worded clearly, we must honor its plain language, unless that interpretation would lead to absurd results."). We strive to effectuate all statutory terms, and we presume that a statute's every word or omission was

7

purposeful. *See Lydia Swinerton Builders, Inc. v. Cathay Bank*, No. 14-17-00030-CV, —S.W.3d—, 2018 WL 6614136, at *4 (Tex. App.—Houston [14th Dist.] Dec. 18, 2018, no pet. h.). "As a general principle, we eschew constructions of a statute that render any statutory language meaningless or superfluous." *City of Dallas v. TCI W. End, Inc.*, 463 S.W.3d 53, 57 (Tex. 2015).

## Analysis

On appeal, the Taxing Units contend that Falcon Hunter failed to plead a clear and unambiguous waiver of immunity for a lawsuit seeking a refund of penalties, interest, and collection fees on delinquent taxes. Falcon Hunter urges that it properly pleaded a waiver of governmental immunity from suit under Texas Tax Code section 31.11(k). It does not contend that any other section of the Tax Code waives immunity from suit in this case. Upon close examination of the relevant Tax Code provisions, we conclude that Falcon Hunter failed to plead facts demonstrating that its claim comes within the waiver of governmental immunity from suit articulated in section 31.11(k).

Chapter 31 of the Tax Code enumerates standards governing property tax collection. *See* Tex. Tax Code §§ 31.01-.12. Included within that chapter is section 31.11, which concerns refunds of overpayments or erroneous payments of taxes. This section provides, in pertinent part:

> If a taxpayer applies to the tax collector of a taxing unit for a refund of an overpayment or erroneous payment of *taxes*, the collector for the unit determines that the payment was erroneous or excessive, and the auditor for the unit agrees with the collector's determination, the collector shall refund the amount of the excessive or erroneous payment from available current tax collections or from funds appropriated by the unit for making refunds. . . .

*Id.* § 31.11(a) (emphasis added).

8

A taxpayer desiring to invoke section 31.11 to obtain a refund of an overpayment or erroneous payment of taxes must generally apply for a refund within three years after the date of the payment or the taxpayer waives the right to any refund. *See id*. § 31.11(c).[5]  If the taxpayer files a timely application but the tax collector does not respond, the application is presumptively denied. *Id*. § 31.11(j). If the collector denies a timely application, the legislature has expressly granted permission for an aggrieved taxpayer to sue the taxing unit. Under section 31.11(k), "the taxpayer may file suit against the taxing unit in district court to compel the payment of the refund" not later than the sixtieth day after the date the collector for the taxing unit denies the application. *Id*. § 31.11(k).

Whether section 31.11(k) provides a clear and unambiguous waiver of immunity from suit for Falcon Hunter's claim turns on the definition of "taxes" as used in that section. According to Falcon Hunter, the word "taxes" includes penalties and interest. However, we believe that the relevant provisions support the contrary proposition that the legislature's use of the word "taxes" in section 31.11 does not include penalties and interest in this circumstance.

The first reason for our conclusion is the care exercised by the legislature in clearly distinguishing the terms "penalty" and "interest" from the term "tax" when taxes become delinquent. The term "tax" is not defined in these chapters, but the terms "penalty" and "interest" are explained, and they are plainly distinct from

---

[5] The statute's exceptions are inapplicable here.

9

"taxes" and accrue in addition to any taxes. *Id.* § 33.01(a);[6] *id.* § 33.01(c).[7] The description of "interest" for example, including its purpose, shows it is intended to be distinct from the tax itself. *Id.* § 33.01(c) (explaining that interest payable under this section is "to compensate the taxing unit for revenue lost because of the delinquency"). This substantive and critical difference between taxes on the one hand, and penalties and interest (which generally come into being only when taxes become delinquent) on the other, manifests itself in legislative expression throughout the code. Many other Tax Code sections specifically distinguish between the two. *See Carrollton-Farmers Branch Indep. Sch. Dist. v. JPD, Inc.*, 168 S.W.3d 184, 193 n.5 (Tex. App.—Dallas 2005, no pet.) (Lang-Miers, J., dissenting) (collecting examples).[8]

Moreover, sections 31.11 and 33.011 have independent purposes and understandably separate mechanisms for achieving those purposes. If a taxpayer wants a refund of an erroneous or overpaid tax, the taxpayer has three years from the

---

[6] Section 33.01(a) states:

A delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent. . . . A delinquent tax continues to incur the penalty provided by this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered.

[7] Section 33.01(c) states:

A delinquent tax accrues interest at a rate of one percent for each month or portion of a month the tax remains unpaid. Interest payable under this section is to compensate the taxing unit for revenue lost because of the delinquency. A delinquent tax continues to accrue interest under this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered.

[8] *But see id.* § 32.07(g)(2) (defining the term "tax" under section 32.07 only as including penalties and interest). However, the fact that the legislature specifically defined the term "tax" to include penalties and interest in section 32.07 suggests that the legislature did not intend for the term "tax" to have the same meaning in the other sections where the legislature clearly segregated the terms' respective intended meanings.

date of payment to file the application for refund. Tex. Tax Code § 31.11(c).[9] If a taxpayer wants penalties and interest on a delinquent tax waived, the taxpayer has, as relevant here, 180 days from the delinquency date to request the waiver in writing. *Id*. § 33.011(d). Adopting Falcon Hunter's proposed interpretation of the word "taxes" in section 31.11 would strip certain statutory words of all meaning. For instance, if taxpayers had three years to request a waiver of penalties and interest on delinquent taxes, as Falcon Hunter says they do, no one need ever use section 33.011(d). Relatedly, reading the word "taxes" in section 31.11(a) to include penalties and interest would render the legislature's use of the terms "penalties" and "interest" in chapter 33 as meaningless surplusage. We will not presume the legislature enacted useless laws. *See City of Dallas*, 463 S.W.3d at 57 (explaining that courts should avoid interpreting statutes in a fashion that renders statutory language meaningless or redundant); *Hunter v. Fort Worth Capital Corp*., 620 S.W.2d 547, 551 (Tex. 1981) (legislature is never presumed to do a useless or meaningless act); *see also Youngkin v. Hines*, 546 S.W.3d 675, 680-81 (Tex. 2018) ("It is by now axiomatic that we must construe individual words and provisions in the contest of the statute as a whole."). Thus, we conclude that the term "tax" as used in section 31.11 does not include penalties and interest accruing on delinquent taxes.

Accordingly, section 31.11(k)'s waiver of a taxing unit's governmental immunity from suit applies only to the extent a taxpayer has timely sought, and been denied, a refund of an erroneous or improperly excessive tax payment as contemplated under section 31.11. *See* Tex. Tax Code § 31.11(a), (k). Here, if

---

[9] To request a refund of the tax under chapter 31, the taxpayer may use the application form prescribed by the comptroller. Tex. Tax Code § 31.11(c)(1). This form, available on the Texas State Comptroller website, https://comptroller.texas.gov/forms/50-181.pdf, notably does not reference penalties or interest, but only taxes.

Falcon Hunter was suing for a refund of taxes based on an allegation that the amount of taxes, $53,799.62, was erroneous or exceeded the proper amount, then we would agree that section 31.11(k) waives the Taxing Unit's immunity from suit as to such a claim. But Falcon Hunter has not alleged the $53,799.62 amount paid in taxes was erroneous, and it did not seek a refund of any portion of the tax in its petition. Instead, Falcon Hunter applied for a refund "for the erroneous penalties, interest, and collection fees" it paid on its 2012 delinquent tax bill, based on an alleged right to relief under chapter 33. As explained above, section 33.011 specifically addresses what the legislature intended to happen in exactly this circumstance when a taxpayer wants a waiver of penalties and interest on a delinquent tax payment; section 31.11 does not address that situation and does not apply to Falcon Hunter's claim.

Falcon Hunter says that if section 31.11(k) does not provide a waiver of immunity from suit in this instance, the Taxing Units will wrongly profit from an "illegal and immoral perversion of the power to tax." In this circumstance, we disagree. Falcon Hunter's alleged basis for relief is under section 33.011(b) and it could have invoked the remedy enumerated in that section to obtain a waiver of penalties and interest it claims have been assessed wrongly. *Id.* § 33.011(d). Falcon Hunter did not plead any facts demonstrating that it invoked this specific remedial provision. Because Falcon Hunter did not plead facts establishing its compliance with 33.011(d), the taxing units, as a matter of law, are statutorily barred from waiving any penalties or interest under chapter 33, the only section on which Falcon Hunter's claim is based. *Id.* § 33.011(d). And, unlike section 31.11 applicable to an erroneous payment or overpayment of taxes, section 33.011 does not contain an

express provision waiving a taxing unit's immunity from suit for an alleged wrongful denial of a request to waive penalties and interest on a delinquent tax payment.[10]

Nothing in section 31.11 clearly and unambiguously waives governmental immunity from suit for the refusal of the tax assessor-collector to waive penalties, interest, or collection fees associated with delinquent taxes. *Cf. In re Smith*, 333 S.W.3d 582, 587 (Tex. 2011) ("First, a statutory waiver of sovereign immunity must be construed narrowly."); *Mission Consol. Indep. Sch. Dist.* 253 S.W.3d at 655 (same); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003) (explaining that, when construing a statute that purportedly waives immunity, courts generally resolve any "ambiguities by retaining immunity"). Thus, Falcon Hunter has not pleaded facts showing that its claim comes within the scope of a valid and applicable waiver of governmental immunity from suit. Falcon Hunter has not pleaded any other statutory waiver of immunity for its lawsuit. Accordingly, we sustain the Taxing Units' first issue.

## Conclusion

Falcon Hunter failed to plead facts showing that the legislature has waived the Taxing Units' immunity from suit for its claim seeking a refund of penalties, interest, and collection fees associated with its delinquent tax payment. We reverse the trial

---

[10] Whether taxpayers have the right of administrative or judicial review following a denial of a timely and valid request for waiver of penalties and interest under section 33.011(d) is not before us because Falcon Hunter did not submit a timely and valid request for waiver under that section.

court's order denying the Taxing Units' plea to the jurisdiction and render judgment dismissing Falcon Hunter's suit for want of subject-matter jurisdiction.

/s/    Kevin Jewell
Justice

Panel consists of Justices Wise, Jewell, and Poissant.